Haynes *v.* Hall.

---

FRANKLIN P. HAYNES *v.* NEWELL B. HALL.

*Sheriff.    Fees.*

If a sheriff serving process charge and receive fees for services not enumerated in the statute, in good faith and with no intent to violate the law, he is not liable to the penalty imposed by statute, § 17, ch. 125, G. S., for taking illegal fees.

Haynes v. Hall.

This was an action upon § 17, ch. 125, G. S. Plea, the general issue.

The case was submitted to the court upon a statement of facts agreed to by the parties, substantially as follows:

The defendant as deputy sheriff of the county of Windham, on or about the 22d of July, 1861, received four writs of execution against Franklin P. Haynes, the plaintiff in this suit, and levied them upon the goods and stock in trade of the plaintiff, and after advertising said goods for fourteen days, proceeded to sell the same at public auction, and charged the following schedule of fees for his services:

| No. 1. | Travel and levy of execution A. H. Tucker & Co. v. Haynes, | $0.24 |
|---|---|---|
| 2. | Travel and levy of execution W. Gillett v. Haynes, | 2.54 |
| 3. | "       "       "       John P. Dix v. Haynes, | 3.07 |
| 4. | "       "       "       S. Atherton v. Haynes, | 1.49 |
| 5. | Paid W. Gillett for keeping and storing goods, | 2.00 |
| 6. | Paid H. B. Ballou, for 9½ days service selling goods at auction, and expenses, | 15.25 |
| 7. | Paid Henry O. Gillett, for 9 days services at sale, | 7.00 |
| 8. | To preparing and posting advertisements of sale, | 2.50 |
| 9. | To my own services 9½ days selling goods at auction, at $1.50 per day, | 14.25 |
| 10. | To making returns on four executions, | 4.66 |
| | | $53.00 |

It was agreed, that the whole sum was charged and received by the defendant in good faith; that it has been the uniform custom among sheriffs and constables in Windham county for a period of years to make similar charges, and that if entitled to make the charges (Nos. 6, 7, 8, 9 and 10,) they were reasonable in amount.

The court, upon the statement of facts agreed to by the parties, at the April Term, 1863, BARRETT, J., presiding, rendered judgment, pro forma, for the defendant. Exceptions by the plaintiff.

*Butler & Wheeler* and *T. H. Streeter*, for the plaintiff.

*Charles N. Davenport*, for the defendant.

PIERPOINT, J. Two questions are presented for our consideration upon the case as made up by the parties.

1st. Did the defendant, as deputy sheriff, charge and receive illegal fees, within the meaning of § 17, ch. 125, G. S.? and if he did,

2d. Did he do it with that knowledge of the illegality of the act, that is necessary to constitute an offense under the statute, and subject him to the penalty?

The first question is one, that in view of its importance, the peculiar phraseology of the statute regulating the subject of fees, and the construction that was put upon this statute by the court in *Henry* v. *Tilsen*, 17 Vt. 479, we are not now prepared to decide.

But as we all concur in the opinion, that a decision of the second question must always determine the fate of this case, it is thought best to decide it upon that point, rather than to subject the parties to the delay and expense of further litigation, to settle a question, which, decided either way, cannot affect the ultimate decision of the case.

The language of the statute is, that " if any officer, or other person, shall receive any greater fees than is provided for by law, he shall pay," &c. The 17th section of the statute in its terms imposes the penalty upon all who receive a greater amount of fees than is provided for by law, without any reference to the question whether it is done intentionally, or with a knowledge of its illegality. Yet the court in *Henry* v. *Tilsen*, above referred to, have very clearly shown that by the true reading of the said section, when taken in connection with the preceding sections, as well as upon every sound principle applicable to such cases, it is necessary that the officer receiving such fees should do it with a knowledge of the illegality of the act to constitute it an offense, subjecting him to the penalty.

Now in this case the offense, if any, consists not in the taking by the defendant of more than is allowed by law for services, for which a specific fee is given by the statute, but for charging and taking pay for services that are not enumerated in the statute, and for which no fee is directly given. Whether he had the right to charge and take pay for such services, is a question, as before remarked, that is not readily determined. There seems to be a diversity of opinion on the subject among officers, and also in the legal profession in the state.

It is agreed in the statement that the amount taken by the defendant for the services performed, is but a reasonable compensation

therefor, if he was entitled to take anything. It is also agreed that it has been a uniform and universal custom among officers in this county, for years, to charge for such services, and that the defendant received the amount in good faith, believing it was legal and proper for him to do so. Upon such a state of facts, it is very clear that it cannot be said that he received the money knowing that it was illegal, and that he was violating the statute.

There was no intent on his part to do wrong, and violate the law, and the intent is the very essence of all penal offenses. The intent may be, and generally is, presumed from the act itself; but here it is agreed there was no illegal intent, but on the other hand the defendant supposed he was doing only what he had a legal right to do. We think, therefore, he cannot be subjected to the penalty sought to be imposed upon him.

Judgment of the county court affirmed.