Hulett, Adm'r, *v.* Hulett.

OLIVER HULETT, *Administrator of* SILAS J. HULETT, *v.* NEHEMIAH HULETT.

*Evidence. Domicil. Administrators. Statute.*

Where the question is to turn upon the character of the defendant's stay or abode in a certain place, whether it was permanent or temporary, evidence of his continued residence there is admissible as tending to prove his intent when he came there and while he remained there.

But the defendant may testify as to his intent in coming there.

And he may testify that while remaining there he paid taxes on personal property in another state, in the absence of any evidence as to the law of said state on the subject of taxation of personal property.

H. left home in 1849, and was never again heard from. After so leaving home the defendant received certain money due H. as his attorney. *Held,* that in an action for this money by H.'s administrator, the defendant was not a competent witness under § 24, ch. 36, G. S., but became competent by the act of November 22d, 1864, as the action was pending August 1st, 1863.

But if admitted to testify prior to November 22d, 1864, and the case is subsequently heard on exceptions in the supreme court, the act of November 22d cannot properly be urged in defence of such admission on the ground that on the next trial he would be competent.

INDEBITATUS ASSUMPSIT in five counts. Pleas, the general issue, the statute of limitations, and that the defendant and Silas J. Hulett, the plaintiff's intestate, when the said supposed causes of action ac-

crued, were residents of and had their respective domicils in Hampton, in the state of New York, and not elsewhere, and continued to reside there until the decease of the intestate, and that the defendant, ever since the decease of the intestate, has resided and had his domicil, and still resides and has his domicil, in Hampton, and not elsewhere. The plaintiff by his replication traversed the plea of the statute of limitations and the plea in respect to residence and domicil. The plaintiff's writ was issued and dated on the 17th of February, 1862. Trial by jury at the March Term, 1864, KELLOGG, J., presiding.

On trial the plaintiff introduced in evidence his letter of administration on the estate of the said intestate, duly granted by the probate court for the district of Fairhaven, and issued and bearing date on the 30th of October, 1861.

The plaintiff testified that the intestate, who was a half brother of the plaintiff, and a brother of the defendant, left his home in Hampton, N. Y., in September, 1849, and has never since been heard from. His father, Mason Hulett, died a short time before, leaving a large estate, and a portion of the plaintiff's intestate's share was paid to the defendant for the plaintiff's intestate, he claiming to be his attorney and having a written power of attorney from him; and this suit was brought to collect the same.

The testimony introduced on the part of the plaintiff further tended to show that the defendant was and always had been a single man; that prior to April, 1861, he always resided, and had his domicil, in Hampton, N. Y., but, for a portion of the time between 1858 and 1861, he was in the western states; that on or about the 1st of April, 1861, he went into the house and family of one Chauncey Wood, in Fairhaven in this state, as a boarder, and that he continued to board and reside at said Wood's from that time until this action was brought against him, and from the time of the commencement of this suit to the present time, the same as before, as tending to show what his intention was in going to the house of the said Wood to board, and in remaining there from April, 1861, up to the time of bringing this action. This testimony was objected to by the defendant, and excluded by the court,—to which decision of the court the plaintiff excepted.

Hulett, Adm'r, v. Hulett.

The testimony on the part of the defendant tended to show that he, the defendant, always resided and had his domicil in Hampton aforesaid, and that he owned and carried on a farm there previous to and in April, 1861, and from thence up to the time of the commencement of this suit; that when he boarded in the house and family of the said Wood, it was only for a temporary purpose, and with no intention of changing his domicil from Hampton to Fairhaven, and, that, during that time, he exercised his right as a voter in the state of New York by voting at the general election in said state in November, 1861, as he had been accustomed to do previously to that time. The defendant was called as a witness for himself and was permitted to testify upon the question made respecting the alleged change of his residence or domicil as aforesaid. In the course of his direct examination, he was asked the following question, viz : " What was your purpose or intention when you went to Chauncey Wood's in Fairhaven, and while you staid there, as to changing your domicil from Hampton to Fairhaven?" This question was objected to by the plaintiff on the ground that it was not competent to prove the place of the defendant's domicil at the time this suit was brought, or at the time of granting the letter of administration to the plaintiff on the estate of his intestate by the general declaration of the defendant, as a witness, as to what was his intention, at the time specified, in respect to changing his residence or domicil;—and also upon the further ground that the witness was precluded by statute (G. S., p. 327, § 24,) from testifying in his own favor, except as to acts and contracts done or made since the appointment of the plaintiff as administrator on the 30th of October, 1861. But the court overruled the objection, and the witness was allowed to testify, and did testify, in answer to said question as follows, viz : " I never had any thought or intention of changing my residence at all; I was there merely as a boarder." To the ruling of the court permitting the witness to testify in answer to said question, and to the testimony as given by the witness in answer thereto, the plaintiff excepted.

The defendant, in his direct examination as a witness was also asked the following question, viz : " Where have you paid taxes on your personal property?" This question was objected to by the plaintiff, but the objection was overruled by the court, and the wit-

ness replied in answer to the question as follows, viz : "Never in any place but Hampton." To the ruling of the court by which the said question was allowed to be put, and to the testimony of the witness in reply thereto, the plaintiff excepted.

Ziba Rayder, a witness called on behalf of the defendant testified that the defendant told him, Rayder, in 1850, that he (the defendant) was making it his home in one Farwell's family in Hampton. The plaintiff objected to this testimony but the objection was overruled, and the defendant excepted.

Verdict for the defendant. Exceptions by the plaintiff.

*H. G. Wood* and *Dewey & Joyce*, for the plaintiff.

The ruling of the court excluding the testimony offered by the plaintiff to show that the defendant had continued to reside and have his domicil in Fairhaven down to the time of trial was clearly erroneous. 1 Green on Ev., § 53 ; *Commonwealth* v. *Turner*, 3 Met. 19.

In a question of domicil evidence of the party's *conduct*, afterwards, as well as before, may be received to ascertain his intention on a particular day. *Richmond* v. *Vassalborough*, 5 Greenl. 376 ; 17 Pick. 231 ; *Barton* v. *Irasburgh*, 33 Vt. 159 ; *Jamaica* v. *Townshend*, 19 Vt. 267 ; 1 Greenl. on Ev., § 108 ; American Law Reg., March, 1864. The question of domicil is one of *fact* and *intent*, and they must both concur. The defendant should have been permitted to testify only to such acts as have been done since the appointment of the plaintiff as administrator. G. S., 327, § 24.

*E. Edgerton*, for the defendant.

The *intention* of the defendant, on the question of his domicil, was properly admitted in evidence. *Barton* v. *Irasburgh*, 33 Vt. 161 ; Story's Conflict of Laws, § 44.

And so was the place of his personal grand list and payment of taxes. American Law Register for March, 1864, p. 263 ; *West Boylston* v. *Sterling*, 17 Pick. 128 ; *Lyman* v. *Fiske*, 17 Pick. 234.

The declarations of the defendant to the witness Rayder, were admissible on the question of intention. *Harvard College* v. *Gore*, 5 Pick. 374.

POLAND, Ch. J. The defendant claimed at the trial that he was a resident of the state of New York at the time administration was granted in this state to the plaintiff on the estate of Silas J. Hulett,

and continued a resident there until after this suit was brought, so that if there was any debt due from him to the intestate, it was assets in that state, and could only be recovered by an administrator there, and not by the plaintiff.

The plaintiff was appointed administrator October 30th, 1861, and commenced this suit February 17th, 1862.

It seems to have been conceded that about the 1st of April, 1861, the defendant commenced boarding with one Wood in Fairhaven in this state, and continued to board at the same place until after the commencement of this suit. The defendant claimed that his stay in Fairhaven was temporary merely, with no design to make that place his home or permanent residence ; that he considered his residence or home all the while to be in Hampton, in New York, that his property and business were there, that he exercised his right as a citizen there, by voting at public elections, and performed the obligations of citizenship and residence there, by paying taxes upon personal property, which by ordinary legal rules follows the legal residence of the owner.

The whole question turned upon the character of the defendant's stay or abode in Fairhaven. Was it temporary merely as the defendant claimed? or was it permanent, with a purpose and intent to make that his residence or home, as was claimed by the plaintiff?

The plaintiff for the purpose of showing that when the defendant came to Fairhaven in the spring of 1861, he intended to take up his permanent abode there, and to make that his permanent home or domicil, offered to prove that he had continued to reside or board there down to the time of the trial in March, 1864. This evidence on the defendant's objection was excluded. If the only proper effect of this evidence was to show that the defendant had a residence or was domiciled in this state after the suit was brought, it was properly excluded, because that was not the question in issue, and if the fact was conceded, it would not aid the plaintiff to recover, if his previous domicil was in the state of New York.

But the plaintiff claims that this evidence was admissible, as tending to show the defendant's intent when he came there in the spring of 1861, and during all the period of his stay there, up to the time of bringing the suit. And we are all of opinion that the evidence

38

should have been received and submitted to the jury for that purpose. In determining the character of a person's residence in a particular place, and with what intent such residence began, its duration is a most important element, and has always been so considered in all the cases upon this subject. One may take up his residence in a place and have a fixed residence or domicil while he remains, though it be but for a very short period of time, even for a single day.

On the other hand one may remain for a long time in a place without having it become his domicil, and be all the while a mere temporary sojourn. But where one's stay in a place is short, and then he returns to his former home, it affords some presumption or evidence that he went there for a temporary purpose, with no intent to remain, while if his stay or residence is protracted, and long continued, it furnishes a corresponding presumption that he designed to remain from the beginning. Other facts and evidence may overcome the presumption in either case, and show that the short stay was of a legally permanent character, and that the longer one was but a mere absence from home, working no legal change of residence. But this by no means prevents the permanence and duration of the stay from being admissible and important evidence on the question. Whenever the intent or mental purpose of a person becomes a question to be proved, his acts and conduct are admissible evidence, and often the best and only evidence of it, and his acts and conduct subsequent to the point of time when such intent is to be shown, are more satisfactory than those which precede or co-exist with it.

This defendant was allowed to testify as to his design and intent in coming to Fairhaven, that it was for a temporary purpose, with no design to remain and make that his home.

This was objected to on the ground that a party should not be allowed to swear to his intent or mental purpose, because it is not in the power of the other party to contradict him by similar evidence.

Of course the workings and purposes of the mind and will of a person are not known by mere consciousness to any one but the person himself, but still, where a person's intent in a particular transaction is a question in issue to be tried, we see no ground on which he can be excluded from testifying to his intent. He can be contra-

dicted only by his acts and conduct or declarations. But where a party swears to his intent, if his acts and conduct are shown to be wholly at variance and inconsistent with the intent he swears to, his own testimony in his own favor would ordinarily obtain very little credit with the jury ; and but little danger need be apprehended from such testimony unless his acts and conduct are consistent with it. But the plaintiff objected to the defendant's being allowed to testify on the ground that he was not a competent witness at all, to any fact which transpired prior to the plaintiff's appointment as administrator.

At the time this case was tried we think the defendant was not a competent witness to any fact prior to the appointment of the plaintiff as administrator. Sec. 24, chap. 36, G. S., 327, was evidently designed to exclude one party from testifying, when the other party had deceased, and was represented by an executor, with some exceptions, none of which cover the case of the defendant's admission here, so that he was erroneously admitted.

But by the act of November 22d, 1864, the defendant is made a competent witness, as this action was pending on the first day of August, 1863, and the defendant claims that if he was erroneously admitted to testify, the court should not reverse the judgment and grant a new trial for such error, because he would be a witness on another trial.

This hardly seems a sufficient answer, because the plaintiff might have been surprised by his being admitted, and might have failed to meet or contradict his evidence at the trial for that reason. But we have no need to say whether this alone would induce us to grant a new trial.

The plaintiff objected to the defendant's being allowed to testify that he had paid taxes on his personal property in Hampton, N. Y. It does not appear from the exceptions what this personal property was, or where it was situated. If the property was in this state in the possession of the defendant, as money or debts or stocks that had no visible locality, it would be quite a cogent circumstance that the defendant regarded his legal residence in Hampton. If it was visible personalty, like horses, cattle or carriages, and situated in New York, it might be taxable there though the defendant's

residence was in this state. That would depend on the law of that state, of which nothing appears in the case. In some states the general rule of law that personal property has no *situs*, and follows that of the owner, is regarded in their law of taxation, in others it is not, and all property in the state, both real and personal, is made subject to taxation, wherever the owner resides. But in the absence of any evidence as to the law of New York on the subject, we think it was admissible to show that the defendant paid taxes on his personal estate there, as an act of his which had a tendency to show that he considered that his legal residence. If the law of New York was such, or this property was of such a character, or so situated, as to make that fact of no importance, it should have been shown by the plaintiff as an answer to this evidence. The testimony of Rayder seems to have been wholly immaterial. It tended to show that the defendant's residence was in Hampton at a time when the plaintiff conceded that was his residence, and the plaintiff can hardly complain that the defendant was permitted to prove a fact which he conceded to be true, even if it was immaterial, as we cannot see it prejudiced him.

Judgment reversed and case remanded.