## N. S. STEARNS, ASSIGNEE, *v.* JOSEPH GOSSELIN.

*Insolvent Law.    Evidence.    Intent.    Preference.*    R. L. ss. 1860–1.

In an action by an assignee to recover money claimed to have been paid in preference to other creditors, and in fraud of the insolvent law, it is proper for the debtor to testify to his intent at the time he made the payment.

ASSUMPSIT.    Trial by jury, September Term, 1885, D. E. NICHOLSON, Assist. J., presiding.   Judgment for the plaintiff.

*W. C. Dunton,* for the defendant.

Whether Edward Gosselin intended to prefer Joseph Gosselin in making the payment to him was a material issue. R. L. s. 1860.

A party to a transaction who becomes a witness is a competent witness for all purposes, and may testify to his own mental processes, such as knowledge, intent, etc.   1 Greenl. Ev. s. 53, *n.*; *Hulett* v. *Hulett*, 37 Vt. 581; *Lombard* v. *Oliver*, 7 Allen, 155; *Fisk* v. *Chester*, 8 Gray, 506; *Thatcher* v. *Phinney*, 7 Allen, 146; *Wheeldon* v. *Wilson*, 44 Me. 1.

*J. C. Baker,* for the plaintiff.

There is no question made but that Edward Gosselin was in fact insolvent when he put the money in suit in the hands of the defendant.   If that was so, and it created an indebtedness from Joseph to Edward, the assignee may collect it.

No question is made that the defendant " did not have good reason to believe " all the matters set up in this statute, and that he did not in fact believe them.

The only exception in the case is to the exclusion of the testimony of Edward, " that he did not intend to prefer said Joseph to other creditors."

Every person of sound mind is presumed to intend the necessary, natural, or legal consequences of his deliberate acts. When the consequences must necessarily follow, the presumption is conclusive, and cannot be rebutted by any evidence of a want of such intention. *In re Abraham Bininger*, 7 Blatchf. 262; *In re Seymour T. Smith*, 3 N. B. R. 377; *Hardy* v. *Bininger*, 4 N. B. R. 262. The material question was, Did the defendant have reasonable cause to believe? not what he actually believed, nor what Edward intended. *Larkin* v. *Batchelder*, 56 Vt. 416; *Coburn* v. *Proctor*, 15 Gray, 38.

The opinion of the court was delivered by

Royce, Ch. J. This was an action to recover back money claimed to have been paid to the defendant by Edward Gosselin, an insolvent debtor, in preference to his other creditors, and in fraud of the insolvent law. The only controversy appears to have been as to whether the payment made by Edward Gosselin to Joseph was so made. As tending to show that it was not, the defendant offered to show by Edward that at the time he made the payment he did not intend to prefer Joseph to his other creditors. The court excluded the evidence; and the only question is as to the correctness of that ruling.

The right of an assignee to recover back money in such cases is conferred by sections 1860 and 1861 R. L. To warrant a recovery under either of said sections, it must appear that the payment was made with a view to give a preference to the creditor to whom it was made; and as characterizing the act of making a payment, it is proper to ascertain and consider the intent with which it was made. If a payment is made to any person who has reasonable cause to believe that the person making it is insolvent, or it is made in contemplation of insolvency, it may be recovered back, if made with a view to prevent the property of the payer from coming to his assignee in insolvency. The in-

tention of the party making the payment is material, although not conclusive.

The question of the right to prove the intention of a party was before the court in *Hulett, Adm'r,* v. *Hulett,* 37 Vt. 581; and the rule was there stated to be that "where a person's intent, in a particular transaction, is a question in issue to be tried, we see no ground upon which he can be excluded from testifying to his intent."

It was error to exclude the evidence offered, and the judgment is reversed and cause remanded.