GARDNER S. MELENDY v. GEORGE A. AMES & CO.

*Burden of proof in showing negligence. Admission of liability.*

1. The plaintiff's declaration alleged, and his evidence tended to show. that he contracted with the defendants to stretch their boom across the river and stop and saw out at their mill for an agreed price certain logs, which the plaintiff was to run down to their boom; that the plaintiff did cause the logs to be run down, but that the defendants were so negligent in the maintenance of their boom, that the boom broke and the logs were lost. *Held*, that the burden of proof in showing such negligence was upon the plaintiff.

2. After the breaking of the boom there was some talk between the parties about stopping the logs at a lower point and selling them, and some of them were so stopped and sold by the defendant. Still later, in a conversation with a brother of the plaintiff, one of the defendants asked why the plaintiff did not come and settle up the log matter. *Held*, error to instruct the jury that this was a recognition of liability by the defendants.

Action on the case to recover the value of certain logs. Plea, the general issue. Trial by jury at the June Term, 1888, Orange County, TYLER, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The plaintiff alleged by his declaration that the defendants were the owners of a saw-mill situated upon the Connecticut river in the town of Norwich, and that he made a contract with them by which they promised and agreed to stretch their boom across the river, stop as they come down and saw out at a given price certain logs of the plaintiff's, which were on the banks of the river above their mill, and which the plaintiff was to roll into the river and run down to their boom; that he did cause the logs to be run down; but that the defendants so negligently managed in the maintenance of their boom that it broke, whereby, owing to their said carelessness, the logs were lost. The evidence of the plaintiff tended to support the allegations in the declaration, and further tended to show that, he being

unable to run the logs down, the defendants received the logs before they reached the boom and ran them down to the boom themselves. This the defendants denied, but claimed that what they did in running the logs down was done by them as the agents of the plaintiff and for his accommodation, and that the boom broke not through their fault, but because of an unusual rise in the river.

The plaintiff claimed that since the defendants had contracted to take and saw out these logs, the burden was upon them to show that the logs were lost without their fault.

Upon this point the court charged :

" The burden of proof would be upon the defendants to show that the logs were lost without their fault. What is the burden of proof? When one party or the other is required to make out the burden of proof to the jury, it is simply this, that in weighing the evidence, the party required to make out the burden of proof has to produce a little more evidence, at least in weight, than the other party, so that the evidence upon the point in question weighs a little more in his favor than it does in the other. So that when we talk about 'the burden of proof' it is that the party upon whom the burden rests must satisfy your mind by a little more evidence in his favor than the other party produces."

" If you find that the defendants received the logs under the contract as they claim it, as the plaintiff claims it, or under the contract as they claim with the time extended, then they received them to saw into lumber; instead of so doing, the defendants reported that the logs were lost, and it is for them to show that they were lost without their fault, that is, that they were in the exercise of ordinary care in relation to the logs."

The other facts appear in the opinion.

*D. C. Hyde* and *S. C. Shurtleff*, for the defendants.

The gist of the action in this case is the negligence of the defendants ; which under no circumstances will be presumed. Hence the burden of proof was upon the plaintiff. *Maloney & Blakey* v. *Taft*, 60 Vt. 571.

Melendy *v.* Ames & Co.

The testimony of Ira Melendy had no legal tendency to show a recognition of liability by the defendants. It might as well have referred to a settlement for the amount received on the sale of the logs by the defendants to the Turners Falls Co., as to a settlement of damages for which they were liable.

*John H. Watson* and *A. G. Fay,* for the plaintiff.

The defendants by receiving these logs under a contract with the plaintiff to saw them out, became a bailee, and if the logs were lost it was incumbent on the defendants to show them out of their hands without fault on their part. *Gleason* v. *Est. of Beers,* 59 Vt. 581; Sto. Bailm. ss. 429 and 442 et seq.; *Rowell* v. *Fuller,* 59 Vt. 688; *Blakey* v. *Taft,* 60 Vt. 571; *Brown* v. *Waterman,* 10 Cush. 117; *Lichtenhein* v. *R. R. Co.,* 11 Cush. 70; *Funkhouser* v. *Wagner,* 62 Ill. 59; Shearm. & Red. Neg. s. 58 et seq.

The opinion of the court was delivered by

Royce, Ch. J. This was an action on the case brought to recover the value of certain logs that the declaration alleges were lost in consequence of the negligence and carelessness of the defendants in not stopping and retaining them by their boom which was strung across Connecticut river. The defendants requested the court to charge that the burden of proof was upon the plaintiff. The court charged that the burden of proof was upon defendants to show that the logs were lost without their fault.

The defendants were entitled to the charge requested and it was error not to comply with the request.

To entitle the plaintiff to recover it was incumbent upon him to show that the logs were lost in consequence of the negligence and carelessness of the defendants as alleged in his declaration, and the burden of proof was upon him to show the fact. The error was not cured by what the court said upon the matter of the burden of proof, if the jury should find a certain state of facts. The first contract seems to have been that the plaintiff

was to put his logs into the river and run them down to the defendants' mill, to be sawed into lumber by them at a certain price per thousand.

The plaintiff for reasons disclosed in the evidence was unable to run the logs, and applied to the defendants to run them from Thetford to their boom, which they had strung across the river to stop and retain them. And his evidence tended to show that the defendants received the logs at Thetford, a point some distance above their boom, the same as if they had been delivered in their boom. The defendants' evidence tended to show that they did not agree to accept the logs at Thetford, and that in what they did in running the logs from Thetford to their boom they acted as the agents of the plaintiff. The boom gave way, and the plaintiff's logs, as well as those of the defendants, went down the river. An arrangement was made by the parties that the defendants were to run the logs down the river to some point where they could be secured and sold. The defendants succeeded in having a part of the logs stopped at Turners Falls and the rest went down the river and were lost. Those stopped at Turners Falls were sold by the defendants at the market price; of all which the plaintiff had notice. The court charged that if the defendants received logs as the plaintiff claimed, and they were lost, it was for them to show that it was without their fault, and nowhere else qualified the rule as at first stated as to the burden of proof.

The suit, as before observed, being predicated upon the carelessness and negligence of the defendants, whereby the plaintiff suffered the damages alleged, the burden of proof was upon him to show such carelessness and negligence.

The plaintiff introduced Ira Melendy as a witness, who testified that after the logs were sold, in a conversation with one of the defendants, the latter said that he wanted to know why the plaintiff did not come down and fix up about that lumber business. The court charged that that evidence tended to show a recognition of liability on the part of the defendants for the loss of the logs. In that we think there was error. What was said by the

(2)

defendant Ames to the witness had no such necessary tendency. It might as well have referred to the pay for the logs sold by the defendants or the expenses incurred in running the logs as have been a recognition of the liability of the defendants for the loss. If any benefit could have been claimed by the plaintiff from what Ames said, it should have been submitted to the jury to find what liability Ames referred to. So that there was an unwarrantable use made of Melendy's testimony.

*Judgment reversed and cause remanded.*