## A. P. NEEDHAM v. BOSTON & MAINE RAILROAD.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed November 6, 1909.

*Carriers of Live Stock—Limitation of Liability—Notice— Shipper's Receipt—Effect as Release—Requests to Charge— Sufficiency—Refusal to Set Aside Verdict as Contrary to Evidence—Review—Necessity of Transcript—Grounds not Relied on Below.*

Where a shipping contract provided that no claim for damages should be allowed unless a written and verified claim therefor should be delivered to the carrier within a specified time, and that a connecting carrier should not be liable for damage accruing on its line unless a like claim should be delivered to it, the shipper claiming damages from the connecting carrier need give notice only to it.

A receipt to the carrier by the shipper of live stock, stating that the stock was received at its destination in good order, does not conclude him, by estoppel or otherwise, from claiming damages for negligent delay in transporting the stock.

A general exception to the charge on a designated subject is bad if any part of the charge on that subject is sound.

A carrier need not run a special train in order seasonably to transport a car of live stock.

Where a part of a requested instruction has no application to the case, it is not error to deny the whole of it.

Where a transcript of the evidence is not furnished, this Court cannot review a refusal to set aside a verdict as contrary to the evidence.

On review of a refusal to set aside a verdict, a ground not relied upon below will not be considered.

CASE for damages caused by alleged negligent delay of two shipments of live stock over defendant's railroad between Bellows Falls and Union Market, near Boston, Mass. Plea, the general issue. Trial by jury at the June Term, 1908, Addison

County, *Powers,* J., presiding.    Verdict for defendant as to the shipment of November 19, 1906, and for plaintiff as to the shipment of May 13, 1907, and judgment thereon.    The defendant excepted.

The shipment of May 13, 1907, was of 26 milch cows and 37 calves, which were shipped in a stock train from North Ferrisburg, Vergennes, and New Haven, stations on the Rutland Railroad.    This shipment was made under the "Uniform Live Stock Contract," which plaintiff signed with the Rutland Railroad at the time of the shipment, and one stipulation of which is: "That, no claim for damages which may accrue to said shipper under this contract shall be allowed or paid by said carrier, or sued in any court by said shipper, unless a claim for such loss or damage shall be made in writing, certified by the affidavit of said shipper or his agent and delivered to the agent of the carrier, at his office in blank within five days from the time said stock is removed from said car or cars; and that if any loss or damage occurs, upon a line of a connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner, and delivered in like time, to some proper officer or agent of the carrier on whose line the loss or injury occurs."    It appeared that plaintiff presented to defendant's claim agent a written claim for his alleged loss, but not verified by his affidavit, nor within five days from the time the stock was unloaded from the cars; that no objection was ever made to him on the ground of the insufficiency of the notice, but that thereafter defendant continued to treat with him in regard to settlement of his claim.

Said stock train left North Ferrisburg at about 7.00 a. m. on May 13, 1907, and, under ordinary conditions, was due at Bellows Falls, the terminus of the Rutland Railroad, at 7.15 p. m. the same day, and in time to connect with defendant's regular stock train, which left Bellows Falls for said Union Market about that time; and in the ordinary operation of said stock train the car containing plaintiff's stock would have arrived at said Union Market about 5.00 a. m. on May 14.

Said stock train did not, however, reach Bellows Falls until 11.59 p. m. on May 13; and the car containing plaintiff's stock, when there delivered to defendant by the Rutland Railroad, had a broken wheel and was unfit and unsafe for further use until repaired.    Defendant's regular stock train had been held for the

arrival of said Rutland stock train, and departed with it for Union Market at 1.10 a. m., but without delaying to repair said car, which would have taken from one and a half to two hours, and the car was, therefore, left at Bellows Falls.

Defendant's uncontradicted evidence tended to show that it had no suitable cars at hand wherein to transfer plaintiff's shipment; that defendant had proper facilities for repairing said car, and repaired it as rapidly as possible at that time of night. After the car was repaired defendant, on the morning of May 14, drew it into Cold River, a short distance below Bellows Falls on defendant's road, where plaintiff's stock was unloaded, watered, and fed, and whence it was shipped on defendant's freight train No. 540, as stated in the opinion. The undisputed evidence of the conductor of that train was that the reason he did not leave Bellows Falls on time was that he had to wait there for cars from the Rutland Railroad and from the Sullivan County Railroad, and that when he did start he had only about one-half his usual train, but it did not appear how long the cars in that train had in fact been at Bellows Falls ready to go forward.

Defendant's ninth request to charge was as follows:

"That a *bona fide* contract, fairly made in advance upon sufficient consideration fixing the value of the property or the rule for ascertaining its value in case of loss or injury even if the carrier is guilty of negligence is valid and enforceable, and if based on a lower rate of freight, in proportion to the decreased liability will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations."

*Weston & Batchelder* for the defendant.

Plaintiff was bound to furnish both the defendant and the initial carrier with a written and verified statement of his claim within the time limited in the contract, and it was error to deny defendant's fourth request. The notice does not limit defendant's liability, but is required only that defendant may be able to prove the extent of it. *Hatch* v. *Railroad Co.*, 24 R. R. Rep. 137; *R. R. Co.* v. *Thompson*, 24 R. R. Rep. 123; *Express*

*Co.* v. *Caldwell,* 21 Wall. 264; *Goggin* v. *Railroad Co.,* 12 Kan. 416; *Glenn* v. *Express Co.,* 85 Tenn. 594; *Railway Co.* v. *Koch,* 47 Kan. 753; *Railway Co.* v. *Phillips,* 87 Pac. 470; *Railway Co.* v. *Widman,* 37 N. E. 554; *Railway Co.* v. *Morris,* 16 Am. & Eng. Ry. Cas. 259; *N. J. Steam Navigation Co.* v. *Merchant's Bank,* 6 How. 382; *Railway Co.* v. *Lockwood,* 17 Wall. 357; *Eckert* v. *Railroad Co.,* 60 Atl. 781; *Sprague* v. *Railroad,* 34 Kan. 417.

Defendant was not acting as a common carrier, but as a private carrier under the stock contract, and so the burden was on plaintiff to show negligence. *Kimball* v. *Rutland & Burlington R. R. Co.,* 26 Vt. 247; *Railway Co.* v. *Manchester Mills,* 88 Tenn. 655; *Railway Co.* v. *Stone & Haslett,* 88 R. R. Rep. 88.

*Davis & Russell* for the plaintiff.

The court is not bound to notice requested instructions unless wholly sound. *Vaughn* v. *Porter,* 16 Vt. 266, *Underhill* v. *Hart,* 23 Vt. 120; *Rea* v. *Harrington,* 58 Vt. 181; *Boyden* v. *Fitchburg R. R. Co.,* 72 Vt. 89; *Amsden* v. *Atwood,* 69 Vt. 527.

If plaintiff's notice was defective, and defendant received it without objection and acted thereon, it waived any defects therein. *Eckhart* v. *Penn. R. R. Co.,* 211 Pa. St. 267, 60 Atl. 781; *Wabash R. R. Co.* v. *Brown,* 152 Ill. 484, 39 N. E. 273; *Cleveland R. R. Co.* v. *Heath,* 53 N. E. 198; 9 Am. & Eng. Ann. Cases 22; *Frost Ins. Co.,* 77 Vt. 407; *Noyes* v. *Ins. Co.,* 30 Vt. 659; *Wash* v. *Ins. Co.,* 54 Vt. 351; *Powers* v. *Ins. Co.,* 68 Vt. 390. If there was excusable delay, the carrier must make reasonable effort to avoid damage therefrom to the shipper. *Illinois Central Ry. Co.* v. *Waters,* 41 Ill. 73; *Kenneck* v. *Chicago etc.,* 29 N. W. 772; *American Express Co.* v. *Smith,* 33 Ohio St. 511, 31 Am. St. Rep. 561.

The first, fourth and fifth grounds are, in substance, motions to set aside the verdict upon the ground that it is against the evidence; the second that it was contrary to the charge of the court. This Court has repeatedly held that such motions are addressed to the discretion of the trial court, and will not be reviewed in the Supreme Court. *Stern* v. *Clifford,* 62 Vt. 96; *Sowles* v. *Carr,* 69 Vt. 414; *Averill* v. *Robinson,* 70 Vt. 161; *Jangraw* v. *Mee,* 75 Vt. 214; *Coolidge* v. *Ayres,* 77 Vt. 448; *Macy* v. *Parker,* 78 Vt. 87; *Ward* v. *Preferred Accident Co.,* 80 Vt.

321; *Austin and McCarger* v. *Langlois*, 81 Vt. 223. The third ground of the defendant's motion is substantially that the damages are excessive. This also is addressed to the discretion of the trial court. *Ranney* v. *Railroad Co.*, 67 Vt. 601; *Barrette* v. *Carr*, 75 Vt. 428; *Sartwell* v. *Sowles*, 72 Vt. 270; *Massucco* v. *Tomassi*, 80 Vt. 186.

WATSON, J. No claim for damages is based upon any alleged negligence of the Rutland Railroad Company, the initial carrier, nor is any recovery sought against it. Hence no notice to that company of the plaintiff's claim was required by the contract under which the shipment was made, and a refusal of the request to charge that the plaintiff was bound to furnish both that company and the defendant a statement of his claim in writing verified by his affidavit within five days from the time the stock was removed from the cars was not error. Nor was the charge given on the subject-matter of that request erroneous. The court said no such notice was required. "Such notice" was the notice to both railroad companies as stated in the request.

The plaintiff received the stock at its destination and gave the defendant his receipt therefor stating that the stock was received "in good order." The defendant's sixth request was that the plaintiff, having given the defendant such a receipt at the time he received the stock, cannot recover for any damage which he now claims was then apparent. It is sufficient to say that this receipt did not conclude the plaintiff by estoppel or otherwise, consequently the request was unsound and properly disregarded. Nor is the exception to the charge as given on the subject-matter of the request available. Among other things thereon the court said the receipt was not determinative or conclusive. This portion of the charge correctly stated the law applicable to the case; and since the whole charge on that subject was not unsound, the exception cannot avail. *State* v. *Sargood*, 77 Vt. 80, 58 Atl. 971.

The evidence showed that a regular freight train of the defendant known as No. 540 was scheduled to leave Bellows Falls at 10.40 A. M., May 14, and was due to arrive at Union Market about 7 P. M. of the same day. The plaintiff claimed that his stock should have been forwarded on this train, if it was to reach the market in time so that no damage would be sustained. The

stock was shipped from Cold River, a place a short distance below Bellows Falls, on the line of defendant's road, on that train; but the train did not leave Bellows Falls until seven o'clock on the evening of that day and arrived at Union Market between five and six o'clock the next morning—market day, too late, as plaintiff's evidence tended to show, for his stock to be tested and placed on the market that day. The eighth request was, that the defendant was under no legal obligations to start its train No. 540, scheduled to leave Bellows Falls at 10.40 in the forenoon, until it had a sufficient number of cars to make a train.

The court submitted the question to the jury whether under the circumstances disclosed by the evidence the defendant was justified in holding that train at Bellows Falls as it did. On that point the court said among other things: "I instruct you that that delay to that car (car containing plaintiff's stock) was unusual in a legal sense; it was such a delay that we take the responsibility of saying that it was unusual in a legal sense and therefore the company takes the burden of proof of showing you that it was not through their negligence and that the delay was justifiable in the circumstances." The court further said that the defendant was not obliged to run a special train with that car. Defendant contends that the part of the charge above quoted is unsound in law, and that the error is reached by his exception to the charge as given on the subject-matter of the eighth request. It is a full answer to this contention that the part of the charge on the same subject, that defendant was not obliged to run a special train with that car, was sound, and hence if falls within the holding already made that under a general exception to the charge on a particular subject, the exception is bad if any part of the charge covered by it is without fault.

By the defendant's ninth request the court is asked to instruct the jury by way of an abstract proposition of law as to the validity of a contract fixing the value of the property or the rule for ascertaining its value in case of loss or injury, even if the carrier is guilty of negligence, etc. The damages claimed and which the evidence tended to show were for failure of the defendant to deliver the cows at the place of destination in season for the local market on the day named, certain charges for feed, bedding, barn bills and keep of stock till the next market

day, and a loss of so much per pound on the calves included in the shipment. The evidence did not show that any of the cattle shipped were lost. Therefore as a part of the request had no application to the facts in evidence, the whole was properly refused. *Winn* v. *Rutland,* 52 Vt. 481; *Weeks* v. *Lyndon,* 54 Vt. 638.

It is urged that the motion to set aside the verdict should have been granted as contrary to evidence and to the weight of evidence. A copy of the evidence has not been furnished us, hence we cannot say that the motion was not properly overruled.

It is further argued that the case shows the damages were assessed not in accordance with the terms of the contract under which the shipment was made, but much in excess of what could be recovered thereunder. However this may be, it was not one of the grounds stated in the motion, and it is not considered.

*Judgment affirmed.*