PERLEY A. CRAWFORD *v.* O. V. JOSLYN.

February Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 7, 1910.

*Taking Illegal Fees—Penal Statutes—Construction—"Knowingly"—P. S. 2053.*

The term "knowingly" means with knowledge, and when used in a prohibitory statute usually connotes such perception of the essential facts as creates in law a presumption of knowledge of the legal consequences thereof; but the term is sometimes used in the sense of "intentionally," meaning that the party charged was aware of the illegality of his conduct, in which sense it is used in P. S. 2053, penalizing "a person who knowingly receives greater fees than the law provides," and this regardless of whether the amount of the fees in question is specifically prescribed by statute as in the case of a tax collector, or designated only by the general terms of P. S. 6862.

Whenever the motive, belief, or intention of any person is a fact material to be proved under the issue on trial, it is competent to prove it by the direct testimony of such person.

CASE on P. S. 2052, against a collector of taxes for exacting illegal fees. Plea, the general issue. Trial by court at the March Term, 1909, Orleans County, *Hall*, J., presiding. Judgment for the defendant. The plaintiff excepted. The court found on the testimony of defendant, received subject to plaintiff's objection and exception, that "if greater fees were received by defendant than are provided by law, he had no intention of violating the law, but acted in good faith, honestly believing that he had a legal right to charge and collect the fees he did."

*W. R. Aldrich* for the plaintiff.

The fees exacted in this case were in excess of the amount specifically prescribed by statute, and were not fees of the class referred to by the general terms of P. S. 6262, in respect of which good faith, and honest intention might be a defence. Here that defence is not available. *Haynes* v. *Hall*, 37 Vt. 20; *Henry* v. *Tilson*, 17 Vt. 479; *Weightman* v. *Jones*, 73 Vt. 353; *Johnson* v. *Burnham*, 22 Vt. 639.

*F. D. Thompson* and *W. W. Reirden* for the defendant.

In an action on P. S. 2053 it is not enough for the plaintiff to prove that the defendant received more fees than the law provides. He must prove that the defendant *knowingly* received illegal fees; that the act was done knowingly, *malo animo,* and he must prove this fact, not by a preponderance of evidence, but beyond a reasonable doubt. *Roys* v. *Roys,* 13 Vt. 543; *Barnet* v. *Ray*, 33 Vt. 205; *Brooks* v. *Clayes*, 10 Vt. 37; *Henry* v. *Tilson*, 17 Vt. 479; *Haynes* v. *Hall*, 37 Vt. 20; *Weightman* v. *Jones,* 73 Vt. 353.

Defendant was properly allowed to testify as to his intent in taking the fees complained of. *Hulett* v. *Hulett*, 37 Vt. 581; *Daniels* v. *Robinson*, 26 Vt. 316; *Stearns* v. *Gosselin*, 58 Vt. 38; *Supt. of Cortland* v. *Supt. of Herkimer*, 44 N. Y. 22; *Sterns* v. *Ingraham*, 1 Sup. Ct. (T. & C.) 218.

POWERS, J. The term "knowingly" means "with knowledge," and when used in a prohibitory statute is usually held to import a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom. Thus in *McGuire* v. *State*, 7 Humph. 54, under a statute providing a punishment for a person "who shall knowingly vote at any election not being at the time a qualified voter," it was held that one who voted having knowledge of the facts which disqualified him was guilty of the offense, though he honestly believed that he had a right to vote. But the word is sometimes used in the sense of "intentionally"—24 Cyc. 806—in which case, it must be made to appear that the party charged was aware of the illegality of his conduct. So in *Byrne* v. *State*, 12 Wis. 519, (a case which it is difficult to reconcile with the one above), under a statute providing a punishment for one who

knowingly received an illegal vote, it was held that the statute only required candor and sincerity, and only punished one who acted dishonestly and corruptly. To much the same effect is *Merelles* v. *Banning,* 22 E. C. L. 380.

That the term is used in the latter sense in P. S. 2053 has already been decided by this Court.

In *Henry* v. *Tilson,* 17 Vt. 479, the trial court excluded evidence offered by the defendant that it had been the usual custom for the tax collector of his town in commitment cases to charge mileage fees as he charged them in that case; it declined to charge the jury that the plaintiff could not recover unless they were convinced that the defendant charged and received the fees knowing them to be illegal; and did charge that if the defendant charged fees that were illegal, the law would presume that he did it knowingly. A judgment for the plaintiff was reversed, and it is apparent that it was for the errors involved in the action of the court above specified. In no other way can the result be justified or the expression of the court "the officer was clearly not entitled to pay for travel, except actual travel one way in the commitment, there being no return necessary;— *but such a practice might have led him to conclude he was"* be understood.

Notwithstanding this decision, some five years later, Judge Bennett said in *Johnson* v. *Burnham,* 22 Vt. 639, though the point was not raised, "The facts were all before the defendant; and as it is to be taken that every man knows the law, no question can arise as to the *scienter* and motives of the defendant."

But if this statement was to be taken as casting any doubt upon the meaning or authority of *Henry* v. *Tilson,* the whole matter was set at rest by *Haynes* v. *Hall,* 37 Vt. 20, wherein the questions involved are thus stated by the court:

"1st. Did the defendant, as deputy sheriff, charge and receive illegal fees, within the meaning of §17, ch. 125, G. S.? and if he did,

2nd. Did he do it with that knowledge of the illegality of the act that is necessary to constitute an offence under the statute and subject him to the penalty?"

The Court was unable to decide the first question, and after alluding to the statement of facts wherein it was recited that the fees were charged and received in good faith and according to a

custom which obtained in the county, said: "Upon such a state of facts, it is very clear that it cannot be said that he received the money knowing that it was illegal. There was no intent on his part to do wrong and violate the law, and intent is the very essence of all penal offences. The intent may be, and generally is, presumed from the act itself; but here it is agreed there was no illegal intent, but on the other hand the defendant supposed he was doing only what he had a legal right to do. We think, therefore, he cannot be subjected to the penalty sought to be imposed upon him." A judgment for the defendant was affirmed. The plaintiff admits that this would preclude a recovery here if the fees involved were not expressly fixed by the statute and only provided for by the general terms of P. S. 6262. He insists, however, that a distinction exists between cases involving fees expressly fixed and those involving fees covered by the section named. We cannot adopt this view. Certainly no such distinction is pointed out in the cases referred to, and we do not think any such ought to be made.

The *quo animo* being a material fact, it was proper to allow the defendant to testify directly to it. *Stearns* v. *Gosselin*, 58 Vt. 38, 3 Atl. 193; *Hulett* v. *Hulett*, 37 Vt. 581. Mr. Freeman well states the rule in his note to *Gardom* v. *Woodward*, 44 Kan. 758, 25 Pac. 199, 21 Am. St. Rep. 310, as follows: "Whenever the motive, belief, or intention of any person is a material fact to be proved under the issue on trial, it is competent to prove it by the direct testimony of such person, whether he is a party to the suit or not. The rule as thus stated is applicable alike to civil, *quasi* criminal, and criminal cases."

*Judgment affirmed.*