WARREN CLARK *v.* JAMES TUDHOPE ET AL.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, and HEALY, JJ.

Opinion filed October 11, 1915.

*Assault and Battery—Evidence—Threat by Defendant—Cross-examination—Propriety—Opinion of Expert—Hypothetical Question—Supposed Fact not Shown by Evidence—Statement of Counsel—Effect—Requested Instructions—Conformity to Evidence.*

In an action for assault and battery, testimony of a conversation between defendant and witness, in which defendant said that he was going to build a fence, and that he would like to set up a post there and have plaintiff pull it out, so he could get at him, was erroneously stricken from the record on the ground that it was not a sufficient compliance with the offer to show that defendant made a threat against plaintiff, for the testimony was a substantial compliance with the offer, or at least it was reasonably subject to the construction of being a threat, making the intended meaning a question for the jury.

Error does not appear in the exclusion of a question on recross-examination, where the record does not show the question to have been proper recross-examination.

In an action for assault and battery, where one of defendants testified that he met plaintiff's servant going to plaintiff's assistance and advised the servant not to do so, it was error to exclude the cross-question: "You did not want plaintiff to have any assistance there, did you?" as it was calculated to elicit the fact that the witness's conduct was actuated by prejudice and ill will against plaintiff.

It was not error to refuse to allow an expert witness to answer a hypothetical question that assumed a material fact not in evidence.

Where plaintiff was asked in rebuttal whether he intended by any of his acts to surrender his possession of a designated strip of ground, and thereupon counsel for defendant said, "We don't claim he surrendered anything," the exclusion of the question was not error, for the statement of defendants' counsel was, like a judicial admission, binding upon them.

Where a part of a requested instruction has no application to the
   facts that the evidence tends to show, the whole instruction is
   properly refused.

It is not error for the court to ignore a requested instruction presented
   at the conclusion of the charge.

TRESPASS for assault and battery, alleged to have been com-
mitted on the plaintiff by the nine defendants.   The defendants
pleaded, severally, the general issue, and eleven pleas in justi-
fication relying on self-defence; defence of master; defence of
father; defence of ownership and possession of designated land;
and, as servants, defence of ownership and possession of their
master's designated land.   Issue joined on all of those pleas.
Trial by jury at the September Term, 1913, Franklin County,
*Slack,* J., presiding.   Verdict and judgment for the defendants.
The plaintiff excepted.   The opinion states the case.

*E. A. Ayers* and *F. L. Webster* for the plaintiff.

*Hogan & Hogan,* and *C. G. Austin & Sons* for the defend-
ants.

WATSON, J.   In plaintiff's opening case, his witness J. S.
Tassie testified to having a conversation with defendant Tud-
hope a few days before the time of the alleged assault, in which
the latter said he was going to build the fence, and that he
would like to set up a post there and have Clark (the plaintiff)
pull it out so he could get at him.   The evidence was received
under an offer to show that this defendant made a threat against
the plaintiff on that occasion.   Defendants moved to have the
testimony stricken out because it did not fulfil the offer as con-
taining a threat.   The motion was granted, to which plaintiff
excepted.   This was error.   We think the evidence was a sub-
stantial compliance with the offer in the respect named.   It cer-
tainly was reasonably subject to the construction of being a
threat, and if it was fairly susceptible of any other construction,
the intended meaning was a question of fact for the jury.   1
Thomp. on Trials, Sec. 1105; *Melendy* v. *Ames,* 62 Vt. 14, 20
Atl. 161.

In recross-examination of defendant Tudhope, he was asked
whether the defendants, the men who were present at the time
of the alleged assault and took part in whatever happened at the

cemetery, were related, most of them, and exception was saved to the exclusion of the question. It is sufficient to say in this connection, that the record does not show the question to have been proper recross-examination. It may have been excluded for that reason.

Defendant Charles Ray testified in direct examination that he was one of the defendants who met the plaintiff's servant Mashetere, as the latter was crossing the cemetery to go to plaintiff's assistance, and talked with Mashetere, telling him he was not needed there, and he better not mix up in the trouble. In cross-examination, Ray was asked the question: "You didn't want Mr. Clark to have any assistance there, did you?" To the exclusion of this question, plaintiff excepted. The witness was a defendant, and the question was calculated to bring out in effect that his conduct to which he testified in direct examination was actuated by prejudice, ill-will, against the plaintiff. It should have been permitted. 2 Wig. Ev. Sec. 950. See *Crawford* v. *Joslyn*, 83 Vt. 361, 76 Atl. 108, Ann. Cas. 1912 A. 428.

In connection with the claim of the plaintiff that Tudhope, at the time of the alleged assault, placed his knee and bore his weight upon plaintiff's chest, while the latter was lying on the ground when the revolver was being taken away from him, the plaintiff's evidence tended to show that thenceforward the right side of his chest was crushed in, some of his ribs were either broken or detached, his heart was displaced about an inch to the left, and that his condition was caused by the violence of the blows he received in his chest from the defendants; and that after the alleged assault he went to bed and suffered burning pain in the chest in the region of the breast bone. The defendants' evidence tended to show that these claims of the plaintiff were false, and introduced as an expert medical witness one W. J. Upton who testified that he had recently examined the plaintiff, and there was nothing to indicate that his chest had been crushed in; that the unnatural and unsymmetrical condition of the chest, and the apparent depression in the right side of the same, were in his opinion not caused by external violence, as claimed by plaintiff, but by a disease called emphysema, a disease of slow development, from which the plaintiff had been suffering for years, and a disease producing an abnormal enlargement of the lungs; that he found some roughening of the cartilage at the tenth rib on the right side, which was one of the "floating"

ribs, or one not attached directly to the breast bone; but that the roughening which he discovered was not sufficient, in his opinion, to indicate that the rib had been detached, with any degree of definiteness. In cross-examination the witness was asked a hypothetical question containing the supposed fact of suffering ''with burning pains in the chest, and in the region of the cartilage, the region of the breast bone.'' The question was excluded, and exception noted. The bill of exceptions states that ''there was no evidence in the case of pain in the region of this cartilage at the tenth rib.'' Since the question was based in part upon a supposed fact, the existence of which was not within the tendency of the evidence, its exclusion was not error. *Lawson* v. *Crane*, 83 Vt. 115, 74 Atl. 641.

In rebuttal, the plaintiff was asked in direct examination whether in anything he did there (*locus in quo*) on the day of the alleged assault, he did it with the intention of surrendering his possession of the strip of land on the north side of the cemetery. Objection being made, plaintiff offered to show that whatever he did, it was not with the intention of surrendering possession of that strip of land. Thereupon counsel for defendants said, ''We don't claim he surrendered anything.'' The question was excluded, and exception saved. Had the fact of such surrender been asserted by defendants, the burden would have been upon them to show it. But the statement of defendants' attorney that they made no such claim, was, like a judical admission, binding upon them, and afforded sufficient reason for the ruling.

Among plaintiff's requests to charge, was one relating to his right to expel and eject the defendants from the land in dispute providing he was in possession thereof under color of title at the time of defendants' approach, and the right to use force reasonably necessary for such purpose; his right to prepare himself against any assault that defendants might make upon him while he was in the exercise of that right, by providing himself with a revolver; and if he knew that the defendants were about to make an entry upon his land, or the land of which he had possession and color of title, for the purpose of digging holes, etc., he had the right to go prepared against any assault which they might make upon him, and the carrying or having in his possession of a revolver, under such circumstances and for such purpose, ''with the intent only of using it to prevent

serious injury or bodily harm to himself, in case the defendants assaulted him while he was in the lawful act of defending his possession, as aforesaid, would not be an unlawful act on the part of the plaintiff," etc.    It is enough to say in justification of the refusal of this request that so far as the record before us shows, there was no evidence in the case that plaintiff then had the revolver "with the intent only of using it" as stated in the request.    Since this part of the request had no application to the facts which the evidence tended to show, the whole was properly refused.    *Winn* v. *Rutland*, 52 Vt. 481; *Weeks* v. *Lyndon*, 54 Vt. 638; *Needham* v. *Boston & Maine Railroad*, 82 Vt. 518, 74 Atl. 226.

At the conclusion of the charge, plaintiff requested the court to charge that it was not unlawful for him to have a revolver in his possession on the occasion in question, etc., and to refusal of this request exception was saved.    It was not error for the court to ignore this request, presented at that stage of the trial.    Citation of authorities is unnecessary.

The last so-called request upon which reliance is here placed, speaks about various matters and things, some of which were outside the case on trial; but what was said therein did not amount to a request to charge.    Hence the court had no occasion to say anything to the jury about it.

This disposes of all the points briefed by the excepting party.

*Judgment reversed and cause remanded.*