## Richmond

Beverly I. Whitmer v. Nancy C. Marcum, Administratrix of
the Estate of Roy Fred Marcum, Deceased.

June 11, 1973.

Record No. 8131.

Present, All the Justices.

*Oren R. Lewis, Jr. (Gary R. Sheehan; Tolbert, Lewis & Fitz-Gerald,* on brief), for plaintiff in error.

*Norman F. Slenker (Slenker, Brandt & Jennings,* on brief), for defendant in error.

Harrison, J., delivered the opinion of the court.

Beverly I. Whitmer appeals from an adverse judgment rendered in his suit for damages arising out of a collision between his automobile and a tractor-trailer driven by defendant's deceased, Fred Roy Marcum. We granted a writ of error solely to determine if the trial

judge erred in submitting to the jury an instruction based on the "dead man" statute, Code § 8-286.[1]

The accident occurred on the night of October 16, 1968, at the intersection of Routes 7 and 28 near Leesburg. Whitmer, a Virginia state trooper, was seriously injured and Marcum was killed in the accident.

Whitmer testified that just prior to the accident he had been traveling west on Route 7 and intended to turn left at the intersection and proceed south on Route 28. He said he was struck from behind by the tractor-trailer while stopped and waiting, with his turn signal on, preparatory to making the left turn. He recalled seeing bright lights close behind him and to his right rear immediately prior to the impact and his loss of consciousness. Whitmer called several witnesses, three of whom were the investigating police officers, and introduced numerous photographs of the accident scene and the vehicles. Sergeant Jesse Ogburn, Jr., of the Virginia State Police, testified regarding the tire marks, gouged places in the highway, debris and the physical condition of the intersection. He traced the paths the two vehicles followed from the alleged place of impact to the points where they came to rest, the car off and down the south embankment of Route 7 and the tractor-trailer off and down the north embankment of Route 7.

The theory of the defense was that Whitmer was driving north on Route 28 and either did not stop at the intersection before entering and crossing Route 7 or that, if he did stop, he pulled out into Route 7 immediately and precipitously in front of the Marcum tractor-trailer, thereby causing the collision.

Counsel for Marcum's estate offered the following instruction, which the trial judge gave:

---

[1] "In an action or suit by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; and in any such action or suit, if such adverse party testifies, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence. . . ."

We deem it unnecessary here to reiterate the purpose and effect of this statute, for it has often been the subject of comment. For the history of the adoption of Code § 8-286 and its subsequent interpretation, see NOTE, 39 Va. L. Rev. 395, *Corroboration in Virginia under Section* 8-286 (1953).

"The Court instructs the jury that there can be no judgment against the estate of a person now deceased which is based upon the uncorroborated testimony of the adverse party.

"If you find from a preponderance of all the evidence that Mr. Whitmer's testimony is not corroborated, then your verdict must be in favor of the defendant.

"Corroborating evidence is defined as evidence supplementary to that already given which tends to strengthen or confirm it; it is additional evidence of a different character to the same point."

At the time it was offered, Whitmer's counsel objected and stated:

"The instruction is clearly not correct, your Honor. Without a statement that corroboration can be in the form of skidmarks, physical evidence or anything else that you might find." In his brief, counsel alleges that "[f]or the Instruction to properly state the law of Virginia . . . it should at least have stated that corroborative evidence: 1) may be found in any legal source of evidence including testimony, physical evidence, and photographs; 2) need not be sufficient in itself to support a verdict; 3) need not support Whitmer's testimony in every detail; and 4) is sufficient if it justifies a belief in the truth of Whitmer's testimony".

Whitmer points to numerous prior decisions of this court on the issue of the corroboration necessary to support an adverse or interested party's testimony where Code § 8-286 is applicable. In essence he contends, not that the language of the instruction is erroneous, but rather that it was not sufficiently clear and comprehensive to instruct the jurors on the principles involved. The principles to which Whitmer alludes were recently summarized by us in *Brooks* v. *Worthington*, 206 Va. 352, 357, 143 S. E. 2d 841, 845 (1965) as follows:

"In considering whether the testimony of an adverse or interested party has been corroborated pursuant to the requirement of the statute, it is not possible to formulate any hard and fast rule, and each case must be decided upon its own facts and circumstances. . . .

"It is not necessary that the corroborative evidence should of itself be sufficient to support a verdict, for then there would be no need for the adverse or interested party's testimony to be corroborated. . . . 'Confirmation is not necessary for that removes all doubt,

while corroboration only gives more strength than was had before.' . . .

" 'Corroborating evidence is such evidence as tends to confirm and strengthen the testimony of the witness sought to be corroborated—that is, such as tends to show the truth, or the probability of its truth.' . . . Such evidence need not emanate from other witnesses but may be furnished by surrounding circumstances adequately established. . . . Nor is it essential that an adverse or interested party's testimony be corroborated on all material points. . . ."

It is not necessary that an instruction which fully and fairly apprises the jury according to its purpose set forth every judicial statement on the principles of law involved. Neither should an instruction be so worded as to emphasize portions of the evidence and thus mislead a jury to the possible detriment of a party. The trial judge may in his discretion adopt any language and include other statements and qualifications that do not disturb the clarity, correctness and purpose of the instruction, bearing in mind that "[t]he model instruction is a simple, impartial, clear, concise statement of the law applicable to evidence in the case then on trial." *Gottlieb* v. *Commonwealth,* 126 Va. 807, 813, 101 S. E. 872, 874 (1920).

In view of the facts in the instant case, Whitmer's objection to the form and scope of the instruction is not without merit. However, we do not find in the record any alternative instruction which he tendered the trial court, and the transcript does not reflect the wording of the amendment that he suggested.

"It is the duty of a litigant, who thinks the instructions given do not fairly present the case from the standpoint of the evidence which is favorable to him, to prepare and offer such instructions as will accomplish this purpose. If he does not do it, censure for the omission lies at his door." *Commonwealth* v. *Mason,* 177 Va. 684, 688, 15 S. E. 2d 114, 116 (1941).

Further discussion of this issue is not indicated in view of our disposition of the case on a related issue.

Whitmer also asserts that, assuming the wording of the instruction to be proper, the trial judge erred in giving it because he had already ruled that the plaintiff's testimony was corroborated as a matter of law. Here appellant reaches firmer ground.

Whether the requirement of corroboration under Code § 8-286 has been satisfied is usually an issue for the jury. *Brooks* v. *Worthington, supra; Timberlake's Adm'r* v. *Pugh,* 158 Va. 397, 163 S. E. 402 (1932). But corroboration need not always present a jury issue; a trial judge is not precluded from a determination that the witness's testimony has been corroborated as a matter of law, and "questions of law are never for the jury". *Knowles* v. *Southern Ry. Co.,* 177 Va. 88, 96, 12 S. E. 2d 821, 823 (1941).

At the conclusion of the evidence the defense made a motion to strike, predicated in part on the assertion that Whitmer's testimony was *not* corroborated as a matter of law. In response to this argument the trial court made these comments on the evidence presented to corroborate Trooper Whitmer's testimony:

> "It puzzles me to hear—I clearly heard the testimony of Sergeant Ogburn who stated that he came to the scene of the accident shortly after it happened, that he found tire marks from where the trooper's car was over the embankment that led directly to where Trooper Whitmer said that he was parked waiting to make a left turn when he was struck from the rear. Sergeant Ogburn also said that he was able to trace trail marks from the tractor-trailer where it was over the embankment to where Trooper Whitmer said it hit him.
>
> "Now, I don't understand why that isn't corroboration. It doesn't have to be confirmation, under the cases, to the trooper's testimony. It simply has to be some corroboration. Now, if you would explain to me why that isn't corroboration I would be happy to learn why it isn't.

\* \* \* \* \*

> "I never understood why that wouldn't be a proper method of corroboration.

\* \* \* \* \*

> "This certainly corroborates the testimony of Trooper Whitmer."

The motion to strike was overruled. Later, when the instruction on corroboration was presented, the court said: "Well, the court has determined as a matter of law that there is corroborated testimony."

On the issue of corroboration we are thus presented with a paradox: The trial court declares that it has decided an issue as a matter of law, yet it submits the issue to the jury as a question of fact.[2] We can only assume that the trial court found as a matter of law that Whitmer's testimony was corroborated. Therefore the issue of corroboration was erroneously submitted to the jury.[3]

The jury, in reaching the verdict it did, may have been unwilling to accept Whitmer's version of the accident. On the other hand, it may have accepted his version but concluded (contrary to the trial judge) that Whitmer's testimony had not been corroborated by "supplementary" evidence or "additional evidence of a different character to the same point". If the latter occurred the jury determined an issue which had already been resolved by the trial court. Since we cannot say to what extent the jury was influenced by the instruction on corroboration erroneously given we reverse and remand for a new trial.

*Reversed and remanded.*

---

[2] Defense counsel, perhaps unwittingly, pointed up the paradox when he said: "The judge already ruled on it as a matter of law, but now it is up to the jury."

[3] We further observe that the trial court refused to grant the defendant an instruction submitting the issue of Whitmer's contributory negligence to the jury, holding no such negligence was established. This instruction embodied Marcum's theory of the accident.