## CIRCUIT COURT OF THE CITY OF RICHMOND

Sandra G. Dickerson,
Administratrix of
the Estate of
Jack M. Dickerson

v.

Chad R. Campeau

September 25, 1998

Case No. ML5898

By Judge James B. Wilkinson

On December 23, 1996, plaintiff's decedent, Jack M. Dickerson, was a passenger in the defendant's, Chad R. Campeau, vehicle. On that night, Dickerson purchased a case of beer for Campeau, Brant Verdery, and his own consumption. Campeau was driving the vehicle when the car collided with a power pole, which was severed upon impact. As a result of the accident, Dickerson was seriously injured and later died from those injuries. Campeau's blood alcohol content was measured at .2 percent by weight, by volume. Dickerson's blood alcohol content at the time of his death was measured at .19 percent by weight, by volume.

On August 25, 1997, plaintiff, Sandra G. Dickerson, Administratrix of the estate of Jack M. Dickerson, filed suit against Campeau for $ 5,350,000.00. Defendant testified at his deposition that the plaintiff's decedent made a gesture in which he motioned in an up and down manner with his fist clenched and yelled "woo hoo" as they pulled out in the vehicle from a restaurant. On August 19, 1998, plaintiff filed a Motion to Exclude Testimony pursuant to Virginia Code § 8.01-397. On August 24, 1998, a hearing was held on the plaintiff's plea. Upon hearing the evidence, representations, and argument of

counsel, the Court held the plaintiff's Motion to Exclude Testimony under advisement.

## Issue

Whether the testimony of the surviving defendant is sufficiently corroborated by attendant circumstances as required by Virginia Code § 8.01-397.

## Discussion

The plaintiff seeks to exclude the testimony of defendant pertaining to the gesture and exclamation made by Dickerson before the automobile accident. The plaintiff argues that such evidence may be dispositive of the case and is uncorroborated and inadmissible under the "Dead Man's Statute" set forth in Virginia Code § 8.01-397. The statute provides in pertinent part:

> In an action by or against a person who, from any cause, is incapable of testifying, or by or against the … administrator … or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony. In any such action … declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence in all proceedings ….

The defendant asserts that contributory negligence and assumption of the risk are at issue in this case and that Dickerson's conduct in the car is relevant to these issues. The defendant argues that ample corroboration exists as to Dickerson's conduct from other evidence in the case. The defendant asserts that Dickerson's purchase of the alcohol, his willing accompaniment of the defendant to the restaurant, and his level of alcohol consumption are sufficient corroborative evidence and that the evidence in question should be submitted to the jury.

Corroborative evidence need not, by itself, be conclusive of the issue. *Taylor v. Mobil Corp.*, 248 Va. 101 (1994); *Hereford v. Pates*, 226 Va. 604 (1984); *Penn v. Manns*, 221 Va. 88 (1980). In *Brooks v. Worthington*, 206 Va. 352 (1965), the Court set forth the requirements necessary to satisfy the mandate of Virginia Code § 8.01-397. Confirmation, which removes all doubt, is not necessary. The Court requires only corroboration which "gives more

strength than was had before." *Id.* at 357. Corroborating evidence can come from circumstantial evidence. *Id.* If the testimony of the survivor is corroborated to some degree, it is not necessary that it be corroborated as to all material points. *Id.* For the corroboration to be sufficient under the statute, it must in some degree tend to support an essential allegation or issue raised and testified to by the surviving witness. *Hereford,* 226 Va. at 608.

Whether the requirement of corroboration under the "dead man" statute has been satisfied is generally an issue for the jury. *Whitmer v. Marcum,* 214 Va. 64, 68 (1973). However, corroboration is not always a jury issue. "[A] trial judge is not precluded from a determination that the witness's testimony has been corroborated as a matter of law, and 'questions of law are never for the jury'." *Whitmer,* 214 Va. at 68 (quoting, *Knowles v. Southern Ry. Co.,* 177 Va. 88, 96 (1941)).

The dispositive issue in the case at bar is whether the defendant's evidence gives strength to the defendant's testimony regarding Dickerson's gesture and statement. The question is not whether defendant's testimony is corroborated on all points, but whether the facts tend to show the truth, or probability of the truth, of his testimony. "Corroborating evidence tends to confirm and strengthen the testimony of the witness." *Hereford,* 226 Va. at 608. The testimony of the defendant may lend support to both issues of assumption of the risk and contributory negligence. Its absence may be fatal to the case and is, therefore, the kind of issue that the "dead man" statute requires corroboration for. The defendant offers the following circumstantial evidence to meet the statutory requirement of corroboration: Jack Dickerson purchased a case of beer for himself, Campeau, and Brant Verdery to consume; Dickerson had a blood alcohol content of .19 percent by weight, by volume at the time of his death; Dickerson took Driver's Education while in high school, which included a unit on the dangers of operating a motor vehicle and being a passenger in a vehicle driven by a person who has consumed alcohol; and Dickerson's parents testified at deposition that they believed their son knew better than to ride with a driver who had consumed alcohol.

Based on this evidence, the Court cannot find that the statutory requirement of corroboration pursuant to Virginia Code § 8.01-396 has been met. One of the purposes of the "dead man" statute is to prevent a surviving party from having the benefit of his own testimony where, by reason of the death of his adversary, the latter's personal representative is deprived of the decedent's version of the transaction. The defendant relies on *Penn v. Manns, supra,* in which the Court allowed the testimony of the defendant driver regarding the plaintiff's decedent's statements made immediately prior to the accident. In that case, Penn had been shot in the chest and was being driven

to the hospital by Manns at a high rate of speed. Manns lost control of the car, struck a pillar, and the car turned over. Penn died as a result of injuries sustained in the collision and not the gunshot. Manns testified at trial that Penn had said "Oh, I'm dying" and fell on Mann's arm causing him to lose control of the vehicle. The Virginia Supreme Court upheld the trial court's admission of this testimony, holding that the medical testimony regarding Penn's gunshot wound sufficiently corroborated Mann's testimony concerning the accident. 221 Va. at 93.

The case before us is different. In *Penn*, medical testimony was presented as to the physical condition of the plaintiff's decedent resulting from the gunshot wound. This testimony furnished the defendant with an explanation regarding why he lost control of the car. Independent medical testimony established that the actions of the plaintiff's decedent, fainting and slumping over, were consistent with the type of injuries sustained by the decedent. This furnished sufficient corroboration for Mann's testimony. In the case at bar, the testimony of the defendant at issue is not supported by the evidence of surrounding circumstances, by any other witness, or from any other source. The evidence of the plaintiff's decedent's purchasing alcohol, his accompaniment of the defendant to the restaurant that evening, and the medical evidence of blood alcohol content does not furnish the defendant with an explanation for the plaintiff's decedent's conduct. This evidence does not tend to "confirm and strengthen" the testimony of the defendant that Dickerson made a particular hand motion and exclaimed "Woo hoo." In addition, this testimony rests solely upon Campeau's credibility. It does not receive support from the evidence of surrounding circumstances or from any other source.

Ambivalent circumstantial evidence is not sufficient corroboration for a survivor's testimony as required by Virginia Code § 8.01-397. The Court cannot find that credible corroboration of Campeau's testimony arises from the attendant circumstances presented. Therefore, the Court is of the opinion that to allow the defendant to testify as to Dickerson's statement and hand motions at issue would create the very situation the "dead man's" statute was designed to prevent: "an opportunity for the survivor to prevail by relying on his own unsupported credibility, while his opponent, who alone might have contradicted him, is silenced by death." *Hereford*, 226 Va. at 610.

## Conclusion

Having determined that sufficient corroboration does not exist regarding the gesture and exclamation made by plaintiff's decedent shortly before the

automobile accident, the Court holds that such evidence must be excluded from the testimony of the defendant pursuant to Virginia Code § 8.01-397. The Court, thereby, sustains the plaintiff's Motion to Exclude Testimony.