# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## GOTTLIEB V. COMMONWEALTH.

### January 22, 1920.

1. "KNOWINGLY"—*Criminal Law.*—The term "knowingly," when used in a prohibitory statute, is usually held to import a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom. In statutes making it a crime "knowingly" to do certain things, the word usually means a perception of the facts requisite to constitute the crime.

2. CRIMINAL LAW—*Causing Child Under Eighteen Years of Age to Commit a Misdemeanor—Knowledge of Child's Age.*—An essential element of the crime created by Acts 1914, p. 394, Code of 1919, section 1923, making it a misdemeanor for any person over the age of eighteen years to cause or encourage any child under the age of eighteen years to commit a misdemeanor, is the knowledge of the accused that the child was under eighteen years of age. Without such knowledge there is no crime under the act.

3. CRIMINAL LAW—*Province of Legislature and Courts.*—Where the legislature has defined an offense, the courts cannot by construction create a crime which the language of the act does not import.

4. CRIMINAL LAW—*Burden of Proof—Reasonable Doubt.*—It is an axiom of the criminal law that the Commonwealth must prove every essential element of the crime charged to the satisfaction of the jury beyond a reasonable doubt.

5. NEW TRIALS—*Causing Child Under Eighteen Years of Age to Commit a Misdemeanor—Knowledge of Child's Age.*—Under the statutory demurrer to the evidence rule, in a prosecution for causing or encouraging a child under the age of eighteen years to commit a misdemeanor, the verdict would not be set aside if any evidence had been introduced from which the jury could have inferred that the accused knew the prosecutrix was then under eighteen years of age; but, in the instant case, there was no such evidence, and the case appeared to

have been tried upon an erroneous theory as to the essential elements of the crime charged.

6. INSTRUCTIONS—*Causing Child Under Eighteen Years of Age to Commit a Misdemeanor—Weight of Evidence—Case at Bar.*—In the instant case defendant was charged with unlawfully 'and knowingly permitting prosecutrix, a child under the age of eighteen years, to remain in his boarding house for the commission and permitting and encouraging her to commit immoral and vicious acts. Accused asked for an instruction that in cases of this character the testimony of the prosecuting witness should be cautiously scrutinized.

*Held:* That the court properly refused this instruction, because it invaded the province of the jury.

7. QUESTIONS OF LAW AND FACT—*Evidence—Province of Court and Jury.*—It is fundamental that the court must respond to questions of law and the jury to questions of fact; the court decides on the admissibility of evidence, that being a question of law, but not as to its weight after it is admitted, that being a question of fact.

8. SEDUCTION—*Abduction—Causing Child Under Eighteen Years of Age to Commit a Misdemeanor—Testimony of Prosecutrix.*—Code of 1919, section 4413, provides that in cases of abduction or seduction no conviction shall be had on the testimony of the female seduced or abducted which is unsupported by other evidence, but there is no such provision in Acts 1914, p. 394, Code of 1919, section 1923, making it a misdemeanor for any person over the age of eighteen years to cause or encourage any child under the age of eighteen years to commit a misdemeanor.

9. INSTRUCTIONS—*Argumentative and Rhetorical.*—Argumentative, rhetorical, and redundant phrases are condemned as without value in instructions.

10. INSTRUCTIONS—*Model Instruction.*—The model instruction is a simple, impartial, clear, concise statement of the law applicable to the evidence in the case then on trial. Such instructions aid juries in reaching right conclusions, while many others which unfortunately have received judicial sanction are couched in technical language of doubtful meaning, and with their obscurities, refinements, distinctions, contradictions, hypotheses, and tergiversations serve only to confuse, mystify, and mislead jurors, while they likewise furnish unnecessary and unprofitable exercise for the judges.

11. HEARSAY EVIDENCE—*Causing Child Under Eighteen Years of Age to Commit a Misdemeanor—Case at Bar.*—The particulars of statements made by the prosecutrix in a prosecution under the Acts of 1914, p. 394, Code of 1919, § 1923, to

police officers when taken from the house of accused, would be generally inadmissible. In the instant case, however, the accused had testified that the whole case was a conspiracy against him by the police, and this authorized the Commonwealth to introduce evidence in rebuttal tending to show that there had been no such conspiracy against the accused. But it is doubtful whether the Commonwealth should have been permitted to introduce the evidence of the policeman as to all of the details of the statement.

Error to a judgment of the Corporation Court of city of Norfolk.

*Reversed.*

The opinion states the case.

*N. T. Green* and *Tazewell Taylor,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

This is a prosecution under the act making it a misdemeanor for any person over the age of eighteen years to cause or encourage any child under the age of eighteen years to commit a misdemeanor. Acts 1914, p. 394; Code 1919, sec. 1923.

The warrant charges that the defendant, being over eighteen years of age, "did unlawfully and knowingly permit Tilley Oleimick, a child under the age of eighteen years, to remain in his boarding house for and permitting and encouraging the said Tilley Oleimick to be guilty of vicious and immoral conduct." The accused was convicted first before the police justice, and then, on an appeal, in the corporation court.

His first assignment of error is, that the verdict is contrary to the law and the evidence. The evidence is in irreconcilable conflict. It is not necessary to summarize it further than to say that, considered as upon a demurrer to the evidence, it shows that the defendant exposed Tillie Oleinick, who was between seventeen and eighteen years old, to immoral influences in his boarding house, in which he resided with his wife and four children, the said Tillie Oleinick being by him employed there as a servant. It does not, however, show that the accused knew that she was under eighteen years of age, and upon this omission the accused relies. This makes it necessary to construe the word "knowingly" in the statute creating the offense charged in the warrant.

[1] There have been many cases construing this word, and they are collected in the note to *Crawford* v. *Joslyn,* 83 Vt. 361, 76 Atl. 108, Ann. Cas. 1912A, p. 428. It is there shown that the term "knowingly," when used in a prohibitory statute, is usually held to import a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom. *State* v. *Williams,* 139 Ind. 43, 38 N. E. 339, 47 Am. St. Rep. 255.

In 24 Cyc., at p. 805, it is said that as used in statutes imposing a liability, whether civil or criminal, upon persons knowing certain facts, the word is to be construed as implying actual knowledge, or constructive notice, or lack of information by reason of neglect or inadvertence.

In *State* v. *Washed Sand & Gravel Co.,* 136 Minn. 361, 162 N. W. 451, L. R. A. 1917D, 1127, construing an ordinance imposing a penalty for knowingly selling commodities at short weight, it is held that knowledge is an essential element of the offense so defined.

In *O'Donnell* v. *Commonwealth,* 108 Va. 887, 62 S. E. 373, it is said with reference to the act making it a crime "knowingly" to sell ardent spirits "to an intoxicated per-

son," that the words "knowingly sell" refer to the condition of the person to whom the liquor is sold.

The word then, in such statutes, usually means a perception of the facts requisite to constitute the crime. 8 R. C. L. 63.

[2, 3] So, in this statute, an essential element of the crime created by the statute is the knowledge of the accused that the child is under eighteen years of age. Without such knowledge there is no crime thereunder. This construction may make it difficult in some cases to secure the punishment of persons actually guilty; but this obstacle to conviction cannot be removed or ignored by the courts. The legislature has defined the offense and the courts cannot by construction create a crime which the language of the act does not import.

[4, 5] In this case there is no word of evidence from which it can be inferred that the accused knew the age of Tillie Oleinick, and one of the instructions granted on behalf of the Commonwealth shows that the case was tried upon the assumption that such knowledge on his part was immaterial. As indicated, we think that this was error, and that the court should have sustained the motion of the accused to set aside the verdict as contrary to the law and the evidence, because it is an axiom of the criminal law that the Commonwealth must prove every essential element of the crime charged to the satisfaction of the jury beyond a reasonable doubt. Under our statutory demurrer to the evidence rule, we would not set aside this verdict if any evidence had been introduced from which the jury could have inferred that the accused knew the prosecutrix was then under eighteen years old; but, as stated, there was no such evidence and the case appears to have been tried upon an erroneous theory as to the essential elements of the crime charged.

[6, 7] The second assignment of error is the refusal of

an instruction which the accused asked for, which reads as follows: "The court further instructs the jury that in criminal cases of this character, the testimony of the female prosecuting witness should be cautiously scrutinized, and the jury should diligently guard itself from any undue influence of the sympathy in her behalf which such a charge as is here made against the defendant is apt to excite. Such a charge as is here made is one easy to be made and hard to be proved; and harder to be defended by the party accused, though ever so innocent, and for that reason great caution should be observed in weighing and considering the evidence submitted to the jury, and the jury should not convict in such a case unless satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt."

We think that the court properly refused this instruction, because it invades the province of the jury. It is fundamental that the court must respond to questions of law and the jury to questions of fact; the court decides on the admissibility of evidence, that being a question of law, but not as to its weight after it is admitted, that being a question of fact. *McDowell* v. *Crawford,* 11 Gratt. (52 Va.) 402; *Cornett* v. *Rhudy,* 80 Va. 716; *McCue's Case,* 103 Va. 1002, 49 S. E. 623.

[8] We have in Virginia statutes providing that in cases of seduction or abduction no conviction shall be had on the testimony of the female seduced or abducted which is unsupported by other evidence, Code 1919, section 4413. There is no such provision in the statute upon which this prosecution is based, and it would have been an invasion of the province of the jury for the court to have granted the instruction complained of, hence it was properly refused.

[9] It is also objectionable because argumentative, rhetorical and redundant. However useful they may be to

counsel in argument (or even at times apparently to judges), rhetorical phrases are condemned as without value in instructions in *Crump's Case,* 98 Va. 834, 23 S. E. 760, and in *McCue's Case,* 103 Va. 1003, 49 S. E. 623; and it is said that the firse rule for promoting the strength of a sentence is to divest it of all redundant words. ,

[10]   The model instruction is a simple, impartial, clear, concise statement of the law applicable to evidence in the case then on trial. Such instructions aid juries in reaching right conclusions, while many others which unfortunately have received judicial sanction are couched in technical language of doubtful meaning and with their obscurities, refinements, distinctions, contradictions, hypotheses and tergiversations serve only to confuse, mystify and mislead jurors, while they likewise furnish unnecessary and unprofitable exercise for the judges.

[11]   The third assignment of error is based on the admission of evidence from Commonwealth's witnesses as to the particulars of statements made by the prosecutrix when she was taken from the lodging house of the defendant by her father, from whom she had a few days before run away, as to what occurred while she was there. There can be no doubt whatever that generally such evidence is inadmissible, and we do not think it necessary to cite authority in support of this proposition. In this case, however, the accused had himself testified to the jury in substance that the whole case was a conspiracy against him by the police at the police station, and that they had invented the story which the prosecutrix had told. This fully authorized the Commonwealth, to introduce evidence in rebuttal tending to show that there had been no such conspiracy against the accused. It would certainly have justified contradictory testimony to the effect that all they knew of the case was the information given to them by the prosecutrix. It is doubtful whether the Commonwealth

should have been permitted to introduce the evidence of the policeman as to all of the details of these statements. If this were the only assignment of error in the case and the other requisites for conviction appeared in the record, we should doubtless regard the error as harmless. Upon another trial, however, the court should not allow such latitude.

For the reasons indicted, we are of opinion that the judgment should be reversed and a new trial awarded, to be had in accordance with the views here expressed.

*Reversed.*