COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Millette
Argued at Alexandria, Virginia


JOHN WILLIAM LUDWIG

                                                              OPINION BY
v.       Record No. 2975-06-4                    JUDGE LeROY F. MILLETTE, JR.
                                                               MAY 13, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

Alexander N. Levay (Alex Levay, PLLC, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        John William Ludwig (Ludwig) was indicted and tried for murder and use of a firearm

during the commission of murder.  The jury found Ludwig guilty of the lesser-included offense

of voluntary manslaughter and use of a firearm in the commission or attempted commission of

murder.  On appeal, Ludwig contends the trial court improperly responded to a jury question

during deliberations, which misled the jury into rendering an inconsistent verdict.  Additionally,

Ludwig argues the trial court should have granted his motion to set aside the firearm conviction

as his conviction was inconsistent with the law and evidence.  We hold the trial court fully and

correctly responded to the jury question and Ludwig's motion to set aside the verdict was

properly denied.  Therefore, we affirm.

I.  BACKGROUND

        Ludwig was charged with the first-degree murder of his wife, Karen Ludwig, in violation

of Code § 18.2-32 and with use of a firearm in the commission of the murder, in violation of

Code § 18.2-53.1.  Upon leaving a Fourth of July party, Ludwig and his wife began to argue.

Over the course of the evening, the argument escalated, resulting in Ludwig shooting his wife.

Karen Ludwig died as a result of five gunshot wounds to her torso, chest, and face.

After presentation of the evidence, the parties agreed on jury instructions, specifically

Instruction 19, which defined the firearm charge:

> The defendant is charged with the crime of using a firearm while
> committing *or attempting to commit murder*. The Commonwealth
> must prove beyond a reasonable doubt each of the following
> elements of that crime:
> 1) That the defendant used a firearm; and
> 2) That the use was while committing *or attempting to commit
> murder.*

(Emphasis added). While deliberating, the jury presented the following question to the court:

"If the defendant is not found guilty of first degree or second degree murder, can he be found

guilty of 'using a firearm while committing or *attempting to commit murder.*'" (Emphasis

added). After the trial judge read the question to counsel, the following exchange occurred:

> [JUDGE]: [T]echnically, the answer is yes.
>
> [DEFENSE COUNSEL]: I think he could, but I think that the
> indictment and way the Commonwealth is offering the instruction,
> they have offered it as murder, so as instructed, the answer would
> be no. I think that was an election by the Commonwealth.
>
>      \*   \*   \*   \*   \*   \*   \*
>
> [DEFENSE COUNSEL]: I think if the Commonwealth elects to
> indict somebody and alleges the use of a firearm in commission of
> murder or attempted murder, and then they submit the jury
> instruction that says the same thing, then the answer to the question
> is no because the Commonwealth has elected to pursue it as use of
> a firearm in the commission of a murder or attempted murder.
>
>      \*   \*   \*   \*   \*   \*   \*
>
> [JUDGE]: *I believe the jury, based on this instruction, could say,
> Well, he used the firearm while attempting to commit murder.
> Therefore, he would not be guilty of first-degree or second-degree
> murder.*
>
> [DEFENSE COUNSEL]: I agree with the Court in that regard.

[JUDGE]:  So the answer is yes.

[DEFENSE COUNSEL]:  *The answer is yes if the jury found that he was using a firearm while attempting to commit murder.*

[JUDGE]:  That's right.  They could, under this instruction, which was not objected to.

[DEFENSE COUNSEL]:  I agree with the Court--

\* \* \* \* \* \* \*

[DEFENSE COUNSEL]:  *I just think that the answer is yes if you find that he used a firearm while attempting to commit murder or committing murder.*  It's not yes under any scenario.

[JUDGE]:  [I] believe, under the law of Virginia, they could find him not guilty of those three offenses, the three primary offenses, and still find him guilty of the firearms offense.  I believe there are a couple of court decisions that say you can have an inconsistent verdict like that.

[DEFENSE COUNSEL]:  I don't disagree with that either.

[JUDGE]:  So therefore, it could be either one.  It could be either while committing murder, which could be an inconsistent verdict, or attempting to commit murder, which means he would not be guilty of either of the murders.  So I still think the answer to the question is just a very simple yes.  You don't need to say anything else.

[DEFENSE COUNSEL]:  *Well, I would ask the Court to say yes with what the Court just explained with regards to that it can be while committing murder or attempting to commit murder.*

[JUDGE]:  *I'm not going to tell them that.  It's right there in the instruction.  I think that might confuse them or think I'm trying to tell them to do something*.  I'm just trying to answer their question.  I think the way their question is phrased, given Instruction number 19, the answer is a very simple yes.

(Emphasis added).  The trial judge advised the jury that "[t]he answer is yes."  The jury found

Ludwig guilty of voluntary manslaughter and use of a firearm in the commission or attempted

commission of murder.  Ludwig was sentenced to three and a half years for the voluntary

- 3 -

manslaughter charge and to the mandatory minimum of three years for the use of a firearm charge.

Ludwig filed a motion to set aside the firearm conviction, asserting again that the trial court's improper response to the jury question during deliberations led directly to an inconsistent verdict. The trial court, in considering Ludwig's motion to set aside the verdict on the use of a firearm charge, discussed the inconsistency between agreed Instruction 18 (instructing the jury as to the elements of first-degree murder, second-degree murder, and voluntary manslaughter) and agreed Instruction 19 (instructing the jury as to the elements of use of a firearm in the commission or attempted commission of murder). The trial court also analyzed the jury question in light of tactical decisions implicit in requests for jury instructions:

> [W]e argue in Virginia after the jury is instructed. So therefore, that implies to me that the attorneys in their final arguments have the opportunity to make their arguments based upon knowing what the judge is going to tell the jury as to what the law is. . . . In the middle of the jurors' deliberations, they come back with a question that I will submit to you does not tell you what they're thinking or what they're intending to do or in any way tells you that this is why they ultimately did what they did. *I think they were just asking a question, which I think because of the instructions that were given in this case, was a logical question.*

> \* \* \* \* \* \* \*

> [T]he way these instructions were given, after the evidence was presented, after counsel had ample opportunity to present the arguments with respect to instructions, this jury could have very easily done what they did. They could have come back with inconsistent verdicts, and I think the only thing that would prevent that from happening as a matter of law would be if the evidence didn't support the jury's verdict.

> \* \* \* \* \* \* \*

> *So if you look at it as if Mr. Ludwig had been on trial solely for the firearms charge, the evidence certainly would support that and there would be no way that I would have to set that aside as not being supported by the evidence.* I think that [defense counsel] made a timely objection to my answer to the jury's question. I

- 4 -

think that if you construe his objection to be a request for me to have instructed the jury in a manner that would be similar to that, that you find in the <u>Gaines</u> case[1] about, If you find the defendant not guilty of murder, then you shall not find him guilty of use of a firearm while committing murder . . . *when you get to the point when the jurors are starting to deliberate, then it's too late to say, Wait a minute, I should have asked for this instruction because now I know what the jury is thinking about. Because there are tactical reasons for asking for instructions and there are tactical reasons for not asking for instructions.*

\* \* \* \* \* \* \*

And I think it's just patently unfair to when you get a question from the jury that might indicate how - - that may to somebody indicate what they're thinking that they might be doing, to then say, But now, Judge, I want you to instruct the jury this way.

\* \* \* \* \* \* \*

*I think once the evidence is finished, counsel knows about the law they're asking for and that sets the law of the case. That sets the instructions. . . . I think there were some elections made.*

(Emphasis added). The trial court denied Ludwig's motion to set aside the firearm conviction and entered final judgment.

This appeal followed.

## II. ANALYSIS

### THE FIREARM JURY QUESTION

<u>Issues Preserved on Appeal</u>

On appeal, Ludwig contends the trial court erred in answering the jury question in the affirmative because this response was contrary to the law and led directly to the inconsistent verdict. Ludwig raises various objections to the trial court's response to the jury question.

---

[1] <u>Gaines v. Commonwealth</u>, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*).

Therefore, as a threshold issue, we must determine what issues, if any, were raised and preserved for appeal.

Pursuant to Virginia Supreme Court Rule 5A:18, to preserve an issue for appeal, an objection must be "stated together with the grounds therefor at the time of the ruling." Additionally, Code § 8.01-384(A) states in pertinent part:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, *at the time the ruling or order of the court is made or sought*, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor
> . . . .

(Emphasis added). The main purpose of the contemporaneous objection rule "is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*)).

An objection to a response to a jury question must be made during discussions between the trial court and counsel, prior to the response being submitted to the jury. See McLean v. Commonwealth, 30 Va. App. 322, 328-30, 516 S.E.2d 717, 720-21 (2001) (*en banc*) (finding objections properly preserved for appeal only when argued by counsel after a jury question was presented to the court and before the court answered the question). Only specific arguments raised in the trial court at the time of the objection are preserved for appeal.[2] Edwards v.

_____

[2] After the verdict was returned, Ludwig made untimely arguments as to why the court misled the jury in answering "yes" to the jury question. In his written motion to set aside the firearm verdict, Ludwig alleged the jury question showed the jury was inquiring whether they could convict on the firearm count if they found him guilty of voluntary manslaughter. In his appellate brief, Ludwig argues the jury question proved the jury was seeking instruction as to whether they could convict Ludwig on the firearm charge if they found him guilty of no offense greater than manslaughter.

Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citing Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999)) (holding that making a specific argument on an issue in the trial court does not preserve a separate argument on the same issue for appeal).

Thus, on appeal we will only consider the two arguments defense counsel raised at trial when the jury question was discussed. Defense counsel argued that in order to avoid inconsistent verdicts, the trial court should respond: 1) no; or 2) yes, if the defendant is found guilty of using a firearm while committing or attempting to commit murder.[3]

Standard of Review

A judicial response to a jury question is considered a legal instruction. See Kennemore v. Commonwealth, 50 Va. App. 703, 709-13, 653 S.E.2d 606, 609-11 (2007); see also Wren v. Commonwealth, 66 Va. (25 Gratt.) 989, 991-96 (1875); McLean, 30 Va. App. at 327-33, 516 S.E.2d at 719-22; Johnson v. Commonwealth, 20 Va. App. 547, 550-54, 458 S.E.2d 599, 600-02 (1995) (*en banc*); Shepperson v. Commonwealth, 19 Va. App. 586, 588-89, 591-92, 454 S.E.2d 5, 7-10 (1995); John L. Costello, Virginia Criminal Law and Procedure § 60.6 (4th ed. 2008) ("The trial judge's answer to jury questions after the jury has retired are new instructions."). "Our task on appeal is to 'ensure that the law has been 'clearly stated' and the 'instructions cover all issues' fairly raised by the evidence.'" Kennemore, 50 Va. App. at 712, 653 S.E.2d at 610 (quoting Mouberry v. Commonwealth, 39 Va. App. 576, 581-82, 575 S.E.2d 567, 569 (2003) (citation omitted)). Jury instructions should be "simple, impartial, clear, concise statement[s] of

---

[3] Ludwig's question presented does not claim the trial court's response to the jury question is invalid due to sufficiency of evidence issues. Therefore, we will not answer this question on appeal. See Moore v. Commonwealth, 51 Va. App. 1, 3-4, 654 S.E.2d 305, 306 (2007) (under Rule 5A:12(c) "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals" (citation omitted)).

the law." Gottlieb v. Commonwealth, 126 Va. 807, 813, 101 S.E. 872, 874 (1920); Kennemore,

50 Va. App. at 712, 653 S.E.2d at 610.

The Jury Question

Ludwig argues the trial court's response to the jury question was legally incorrect and led

directly to the inconsistent verdict. Ludwig does not challenge Instruction 19; rather, he

acknowledges the firearm instruction "is an accurate statement of the law." However, Ludwig

argues the "attempt" language in the firearm instruction was improper due to the specific facts of

the case. Despite this argument, Ludwig failed to object to the firearm instruction before it was

tendered to the jury. "It is well settled that instructions given without objection become the law

of the case and thereby bind the parties in the trial court and this Court on review." Owens-

Illinois v. Thomas Baker Real Estate, 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989).

Additionally, at oral argument on both the motion to set aside the verdict and the appeal,

Ludwig's counsel conceded he erred by failing to object to the "attempt" language in the firearm

instruction.

Under Virginia law, it is permissible for juries to reach inconsistent verdicts.[4] Gaines v.

Commonwealth, 39 Va. App. 562, 570, 574 S.E.2d 775, 779 (2003) (*en banc*). In Gaines, the

defendant was charged with manslaughter and use of a firearm while committing murder. Id. at

565, 574 S.E.2d at 776. The firearm instruction stated in order to convict the defendant, the jury

---

[4] While inconsistent verdicts in jury trials are permissible, such a verdict cannot be the result of trial court error. A trial court must give a direct and correct response to an inquiry by the jury, and its failure to do so is ground for reversal. Shepperson, 19 Va. App. at 591, 454 S.E.2d at 8 ("[T]he trial court's answer to the jury's question was erroneous in two respects. First, it was not responsive to the jury's question. Second, it failed to give a correct answer to the question."); McLean, 30 Va. App. at 332, 516 S.E.2d at 721 ("[A] trial court has an obligation to respond fully and completely to a proper inquiry by the jury even if the inquiry is made during deliberations." (citing Marlowe v. Commonwealth, 2 Va. App. 619, 625, 347 S.E.2d 167, 171 (1986))).

had to find he used a firearm "while committing or *attempting* to commit murder." Id. at 567, 574 S.E.2d at 777 (emphasis added). The defendant's proffered modification to the firearm instruction stated the jury had to find the defendant used a firearm "while committing or attempting to commit murder *not manslaughter*." Id. at 565, 574 S.E.2d at 777 (emphasis added). The defendant contended this proposed modification of the instruction was necessary to avoid an inconsistent jury verdict. Id. at 567, 574 S.E.2d at 777. The trial court refused the defendant's proffered instruction, and the jury convicted the defendant of manslaughter and use of a firearm while committing or attempting to commit murder. Id. at 565, 574 S.E.2d at 776-77. The defendant appealed his firearm conviction. Id. at 565, 574 S.E.2d at 777.

We held the firearm instruction was a "correct statement of the law" and "not misleading or confusing," despite the presence of the "attempt" language. Id. at 566-67, 574 S.E.2d at 777. "A trial judge does not abuse his discretion by failing to modify a correct statement of the law on the mere chance that a jury may not follow clearly written instructions." Id. at 567, 574 S.E.2d at 777. We found the defendant's proffered instruction would not have prevented an inconsistent verdict. Id. at 569, 574 S.E.2d at 778-79. With regards to inconsistent verdicts generally, we stated, "because Virginia is 'more careful than most states to protect the inviolability and secrecy of jurors' deliberations,' 'a court, in a case like this, is unlikely to discover what motivated the jury.'" Id. at 570, 574 S.E.2d at 779 (quoting Reed v. Commonwealth, 239 Va. 594, 598, 391 S.E.2d 75, 77 (1990)).

In Wolfe v. Commonwealth, 6 Va. App. 640, 648, 371 S.E.2d 314, 318 (1988), we held an inconsistent jury verdict, which found the accused guilty of both voluntary manslaughter and use of a firearm in the commission of murder, was legally permissible. "Juries may reach inconsistent verdicts through mistake, compromise, or lenity, but in such instances it is 'unclear whose ox has been gored,' the government's or the defendant's." Id. (quoting United States v.

- 9 -

Powell, 469 U.S. 57, 65 (1984)). We noted the accused failed to request a cautionary instruction and found "[o]bviously there are sound tactical reasons why an accused would not desire [a cautionary] instruction and thus permit the jury to show leniency in convicting him of a lesser included offense of the primary felony; i.e., in this case voluntary manslaughter rather than murder." Id., at 645, 371 S.E.2d at 316.

The present case is similar to both Gaines and Wolfe. In all three cases the defendants appealed inconsistent verdicts, convicting them of manslaughter and use of a firearm in the commission of murder or attempted murder. These cases also involve the possible effect of instructions, or lack thereof, on the resulting inconsistent verdicts. However, the present case is distinguishable from Gaines and Wolfe because it involves a jury question raised during deliberations after receiving *agreed* instructions.

Ludwig argues the trial court should have either answered "no," or a qualified "yes," in order to avoid an inconsistent verdict. Ludwig's first argument, regarding the "no" response, is based upon his contention that the jury's question clearly showed they were going to find Ludwig not guilty of murder but rather, guilty of voluntary manslaughter. Therefore, Ludwig contends, the "yes" response was an incorrect statement of the law and directed the jury towards an inconsistent verdict. Nevertheless, Ludwig failed to raise this specific argument at the time he made his objection and, therefore, it was not preserved for appeal. Even if Ludwig had preserved this specific argument, there is nothing in the jury's question or in the record, with the exception of the jury's ultimate verdict, which supports Ludwig's position. In fact, as the trial judge found during the motion to set aside the verdict, nothing in the jury's question, "tell[s] you what they're thinking or what they're intending to do or in any way tells you that this is why they ultimately did what they did." It is error to assume that a jury's decision can be inferred from a single question asked during deliberations.

> In Virginia, as elsewhere, the deliberations of jurors "during retirement, their expressions, arguments, motives, and beliefs, represent that state of mind which must precede every legal act and *is in itself of no jural consequence*." A question posed to the court during deliberations, after all, could suggest as little as the tentative views of a single juror.

Kennemore, 50 Va. App. at 709, 653 S.E.2d at 609 (quoting 8 Wigmore, Evidence § 2348 (McNaughton rev. 1961)). Thus, the trial court was correct to find the jury's question in no way indicated how they planned to decide the case.

As in Gaines, Instruction 19 was a correct statement of the law, despite the inclusion of the "attempt" language. Gaines, 39 Va. App. at 567, 574 S.E.2d at 777. The "yes" response was proper precisely because of the attempted murder language in the firearm instruction. Ludwig's contention that the trial court's response was an incorrect statement of the law is misguided, as it is legally permissible to be convicted of use of a firearm in attempting to commit murder, even if found not guilty of murder. Code § 18.2-32; Wolfe, 6 Va. App. at 644, 371 S.E.2d at 316 (citing Kuckenbecker v. Commonwealth, 199 Va. 619, 623, 101 S.E.2d 523, 526 (1958)). Moreover, the trial court expressly determined, "if Mr. Ludwig had been on trial solely for the firearm charge, the evidence certainly would support [a guilty verdict] and there would be no way that I would have to set [the verdict] aside as not being supported by the evidence."

Ludwig's second argument is equally unpersuasive. When it was clear the trial court was not going to answer "no," Ludwig asked the court to respond, "yes, if you find that [Ludwig] used a firearm while attempting to commit murder or committing murder." The trial court, in its discretion, refused this instruction, finding the additional information was already "right there in the instruction." As in Gaines, the trial court did not abuse its discretion when it found the additional information in Ludwig's proffered response was already recited in Instruction 19 and thus, would add "no substance, no refinement, no nuance to the principle of law." Gaines, 39 Va. App. at 567, 574 S.E.2d at 778. The trial court's short "yes" response is exactly the sort of

"simple, impartial, clear, concise statement of the law" that should be given in response to jury questions. Gottlieb, 126 Va. at 813, 101 S.E. at 874. Similar to the defendant's proposed instruction in Gaines, Ludwig's qualified "yes" response would not have directed the jury away from reaching an inconsistent verdict. Further, Ludwig failed to request a separate cautionary instruction and the trial court had no duty to provide a cautionary instruction *sua sponte*.[5] Gaines, 39 Va. App. at 568-69, 574 S.E.2d at 778; Wolfe, 6 Va. App. at 645, 371 S.E.2d at 316. Ludwig may have had tactical reasons for not requesting specific instructions, and it is unclear from the resulting inconsistent verdict "whose ox has been gored." Powell, 469 U.S. at 65. Virginia permits juries to reach inconsistent verdicts, whether through "mistake, compromise, or lenity." Wolfe, 6 Va. App. at 648, 371 S.E.2d at 318 (citing Powell, 469 U.S. at 65). The trial judge's response to the jury was direct, understandable, and legally correct and cannot logically be linked to the jury's subsequent inconsistent verdict.

> "Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion. The trial judge, in light of the whole trial and with the jury before him, may feel that to repeat the same words would make them no more clear, and to indulge in variations of statement might well confuse. How far any charge on technical questions of law is really understood by those of lay background would be difficult to ascertain, but it is certainly more evident in the living scene than in a cold record."

Kennemore, 50 Va. App. at 712-13, 653 S.E.2d at 610-11 (quoting United States v. Bayer, 331 U.S. 532, 536-37 (1947)).

---

[5] In responding to the jury's question, Ludwig never suggested a response or asked for a cautionary instruction that would have clearly addressed the possibility of inconsistent verdicts as this Court suggested in Gaines, 39 Va. App. at 569, 574 S.E.2d at 778 ("The possibility of inconsistent verdicts would have been avoided with an instruction that linked the two charges:  if you find the defendant not guilty of murder, then you shall find him not guilty of use of a firearm while committing murder.").

The trial court, therefore, did not err in answering the jury's question with a simple "yes," rather than following Ludwig's request to answer the question with a "no" or a qualified "yes."

MOTION TO SET ASIDE THE VERDICT

Ludwig argues the trial court erred in denying his motion to set aside the firearm verdict because he was not convicted of murder and the trial court's allegedly erroneous instruction led the jury to reach an inconsistent verdict. "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." Powell, 469 U.S. at 66. While the inconsistent verdict does show that "either in acquittal or the conviction the jury did not speak their real conclusions," the verdict does not show that the jury was unconvinced of Ludwig's guilt. Id. at 64. As we found the trial court did not err in refusing Ludwig's suggested response to the jury question, we will not overturn the firearm verdict.

III.  CONCLUSION

Finding no error in the trial court's response to the jury's question and refusal to set aside Ludwig's firearm conviction, we affirm Ludwig's conviction for use of a firearm in committing murder or in attempting to commit murder.

Affirmed.