COURT OF APPEALS OF VIRGINIA

Present: Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


MALIK COREY BROWN

                                       MEMORANDUM OPINION[*] BY

v.       Record No. 2825-07-1             JUDGE JAMES W. HALEY, JR.
                                            JANUARY 27, 2009

COMMONWEALTH OF VIRIGNIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

John D. Konstantinou (Williamsburg Law Group, PLC, on brief), for
appellant.

John W. Blanton, Assistant Attorney General (Robert F. McDonnell,
Attorney General; Karri B. Atwood, Assistant Attorney General, on
brief), for appellee.


Malik Corey Brown ("Brown") appeals his conviction for felony destruction of property

in violation of Code § 18.2-137. The evidence is undisputed that Brown intentionally damaged

property belonging to Michelle Washington. Code § 18.2-137(B) provides that a person who

intentionally destroys or damages property is guilty of "(ii) a Class 6 felony if the value of or

damage to the property, memorial or monument is $ 1,000 or more. The amount of loss caused

by the destruction, defacing, damage . . . of such property . . . may be established by proof of the

fair market cost of repair . . . ." Brown argues that the evidence at trial was insufficient to

support a felony conviction because the Commonwealth failed to prove that the fair market cost

of repairing the damage to Ms. Washington's property was $1,000 or more. The issue here for

resolution is whether an owner's hearsay testimony suffices to establish the fair market cost of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

repairing the damage inflicted.  We hold that it does not.  We reverse Brown's conviction and remand the case for further proceedings not inconsistent with this opinion.

FACTS

At trial, two witnesses testified that they saw Brown and two other young men enter a McDonald's restaurant in the City of Williamsburg on February 5, 2007.  After an argument inside the restaurant with Raymond Hutchinson, one of the two witnesses, Brown, Joshua Frasier and one other person went to the parking lot of the restaurant.  In the parking lot, Brown and Fraiser, repeatedly kicked the passenger side of a truck that Antonio Johnson had earlier used to drive to work at the restaurant.  One of them also bent the truck's radio antenna.  The truck belonged to Johnson's mother, Michelle Washington.  At Brown's trial, Ms. Washington testified that "[t]he antenna was bent, the side was keyed, and it had several kicks on all different sides."

The assistant Commonwealth's attorney did not ask Ms. Washington any questions about how much money it would cost to repair the dents in the side of her truck.  However, the trial court asked the following questions:

> THE COURT:  Do you have an estimate to repair it?
>
> THE WITNESS:  Excuse me, sir?
>
> THE COURT:  Did you get an estimate to repair the vehicle?
>
> THE WITNESS:  Yes, sir.
>
> THE COURT:  How much?
>
> THE WITNESS:  It's $2,000 and something.
>
> MR. KONSTANTINOU:  Judge, I would object to the Court's question as hearsay, but I will sit down and close my mouth.  But I think that's hearsay.
>
> THE COURT:  Well, if that's your – I'll sustain your objection. Withdraw my question.

- 2 -

At the close of the Commonwealth's evidence, the defense moved to strike, arguing that the Commonwealth had produced no evidence that the cost of repairing the damage to the car exceeded $1,000, which is required before intentionally damaging property may be punished as a felony pursuant to Code § 18.2-137.[1]  During argument on the motion, the Court reopened the case and asked further questions of Ms. Washington.

> THE COURT:  I'm just going to ask one question.  You can stay right there, Ms. Washington.  Ms. Washington, how much would it cost to repair your car for the damages that were done on February the 5th?  Do you have any idea?
>
> THE WITNESS:  I got an estimate.
>
> THE COURT:  What's your estimated cost of doing it?
>
> THE WITNESS:  About 16.
>
> THE COURT:  Hundred?
>
> THE WITNESS:  Uh-huh.
>
> THE COURT:  $1,600.  Do you want to ask her any questions?
>
> MR. KONSTANTINOU:  And that's to repair what – I would object to her testimony as hearsay and so forth.  But is that to repair the antenna?
>
> THE WITNESS:  No.
>
> MR. KONSTANTINOU:  The antenna and the two dents or something else?
>
> THE WITNESS:  It was not two dents.  It's the antenna and dents over the vehicle –
>
> MR. KONSTANTINOU:  To repair the whole car?
>
> THE WITNESS:  Yes, if I take it to a smaller shop or something like that, I'm pretty sure.

---

[1] With the sustaining of the objection and the withdrawal of the question by the court, there was no evidence regarding the cost of repairing the damage when the Commonwealth closed its case.

MR. KONSTANTINOU:  To repair the whole car, $1600?

THE WITNESS:  That's my estimate.

## Analysis

### A)  Procedural Bar

Citing Rule 5A:18, the Commonwealth argues that Brown failed to preserve this issue for appeal.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  "The main purpose of the contemporaneous objection rule 'is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrial.'"  Ludwig v. Commonwealth, 52 Va. App. 1, 10, 660 S.E.2d 679, 683 (2008) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*)).

"An error is sufficiently preserved for consideration on appeal if a party 'at the time of the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take *or* his objections to the action of the court and his grounds therefor.'"  Parker v. Commonwealth, 14 Va. App. 592, 595, 421 S.E.2d 450, 452 (1992) (quoting Code § 8.01-384) (emphasis in original).

The record in this case reflects that defense counsel objected on each occasion when the trial court asked Ms. Washington questions about the contents of the estimate of the cost of the repairs to her truck.  These objections were made with specificity, that is, the defense explained that the reason for his objection was that he believed the questions solicited answers that were inadmissible hearsay; Brown's objections were also made contemporaneously with the trial court's questions to Ms. Washington.

Relying on <u>Riner v. Commonwealth</u>, 268 Va. 296, 601 S.E.2d 555 (2004), the Commonwealth argues that Brown needed to request a further ruling from the trial court on his hearsay objection in order to preserve the objection for appeal. In <u>Riner</u>, the defense objected to testimony from a witness that, before the victim's death, the victim told her (the witness) that the defendant had threatened to kill the victim and to take their children away from the victim. <u>Id.</u> at 323-24, 601 S.E.2d at 570-71. On appeal, the defendant argued that the testimony was inadmissible double hearsay. <u>Id.</u> However, the trial court made a ruling against the defendant only with respect to the first level of hearsay, the defendant's statement to the victim. <u>Id.</u> at 324, 601 S.E.2d at 571. The trial court never ruled on the objection to the second level of hearsay, the victim's statement to the witness. <u>Id.</u> Our Supreme Court ruled that the defendant's failure to request a ruling on the second level of hearsay waived consideration of that issue on appeal. "However, by failing to bring to the trial court's attention the fact that it had ruled only on the admissibility of the primary hearsay in the statement, Riner did not afford the trial court the opportunity to rule intelligently on the issue now before us." <u>Id.</u> at 325, 601 S.E.2d at 571. Brown's objection in this case was simple compared to the double hearsay question in <u>Riner</u>. Indeed, his hearsay objection was the only objection he made to any part of Ms. Washington's testimony; thus, the trial court cannot have confused Brown's hearsay objection with related, but separate, objections, as the trial court apparently did in <u>Riner</u>. Unlike the defendant in <u>Riner</u>, Brown clearly afforded the trial court "the opportunity to rule intelligently on the issue now before us." His specific and contemporaneous objection to the trial judge's questions met the requirements of Code § 8.01-384 and Rule 5A:18. We, therefore, proceed to address the merits of Brown's hearsay argument.

B) Merits

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When considering the sufficiency of the evidence on appeal, we give the benefit of all reasonable inferences deducible from the evidence to the party prevailing below. Shropshire v. Commonwealth, 40 Va. App. 34, 38, 577 S.E.2d 521, 523 (2003). "Decisions on the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." Mitchell v. Commonwealth, 25 Va. App. 81, 84, 486 S.E.2d 551, 552 (1997). However, a "trial court has no discretion to admit clearly inadmissible evidence because 'admissibility of evidence . . . depends not upon the discretion of the court but on sound legal principles.'" Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986) (quoting Crowson v. Swan, 164 Va. 82, 92, 178 S.E. 898, 903 (1935)).

"Hearsay is 'testimony given by a witness who relates not what he knows personally, but what others have told him or what he has heard said by others.'" Bowman v. Commonwealth, 28 Va. App. 204, 209, 503 S.E.2d 241, 243 (1998) (quoting Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953)). "Hearsay evidence is defined as a spoken or written out-of-court declaration or nonverbal assertion offered in court to prove the truth of the matter asserted therein." Arnold v. Commonwealth, 4 Va. App. 275, 279-80, 356 S.E.2d 847, 850 (1987). "Hearsay evidence is inadmissible at trial unless it falls into one of the recognized exceptions to the hearsay rule." West v. Commonwealth, 12 Va. App. 906, 909, 407 S.E.2d 22, 23 (1991).

Ms. Washington's testimony regarding the sum of money the repair shop told her they would require in exchange for making repairs to her damaged truck was clearly hearsay. Her

testimony was based, not on her own personal knowledge, but on what she had been told by an out-of-court declarant. This is clear from the transcript:

> THE COURT: I'm just going to ask one question. You can stay right there, Ms. Washington. Ms. Washington, how much would it cost to repair your car for the damages that were done on February the 5th? Do you have any idea?
>
> THE WITNESS: *I got an estimate.*[2]

Because the amount of the estimate was the only evidence regarding the fair market cost of repairing the damage to the car, it is also clear that the trial court, by finding Brown guilty, accepted the estimate "to prove the truth of the matter asserted therein," and not for some other purpose. Arnold, 4 Va. App. at 279-80, 407 S.E.2d at 850.

It is true that, because she was the owner of the truck, Ms. Washington's lay opinion testimony regarding the value of the truck was admissible as evidence. See Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997) ("The opinion testimony of the owner of the stolen item is generally competent and admissible on the issue of the value of that property."). Ms. Washington *did* offer opinion testimony as to the value of the truck; she said that it was worth more than one thousand dollars. This opinion was admissible evidence. But the Commonwealth was required to prove that the fair market cost of repairing *the damage* to the truck was more than $1,000. Code § 18.2-137(B) provides that the amount of loss caused by the damage to or destruction of the victim's property "may be established by proof of the fair market cost of repair or fair market replacement value." Ms. Washington's truck was not destroyed; it was merely damaged, so the Commonwealth had the burden of proving that the fair market cost

---

[2] It appears from the transcript of Brown's sentencing hearing that Ms. Washington later paid for the repairs to be done at a shop that had given a higher estimate because the trial court ordered Brown to pay $2,144.92 in restitution.

of repair, not the fair market replacement value, was more than $1,000.[3] But Ms. Washington did not offer her own opinion as to the fair market cost of repair. She merely repeated the out-of-court estimate that an unidentified repair shop reportedly gave to her.

We must, therefore, decide whether the rule allowing lay opinion testimony by a property owner as to the value of the owner's property allows an owner to give secondhand testimony of the amount of a specific repair estimate by an out-of-court declarant over the defendant's hearsay objection. We hold that it does not. Of all the decisions of the Virginia Supreme Court, and of this Court, that mention the admissibility of an owner's opinion testimony on the issue of value, we can find none that describe this kind of testimony as an exception to the hearsay rule. Snyder Plaza Prop., Inc. v. Adams Outdoor Ad., Inc., 259 Va. 635, 528 S.E.2d 452 (2000); Parker, 254 Va. 118, 489 S.E.2d 482; Walls v. Commonwealth, 248 Va. 480, 450 S.E.2d 363 (1994); Haynes v. Glenn, 197 Va. 746, 91 S.E.2d 433 (1956); Wheeler v. Commonwealth, 44 Va. App. 689, 607 S.E.2d 133 (2005); Crowder v. Commonwealth, 41 Va. App. 658, 588 S.E.2d 384 (2003); Lester v. Commonwealth, 30 Va. App. 495, 518 S.E.2d 318 (1999).

Moreover, the legislature has created a statutory exception to the hearsay rule for affidavits estimating the cost of repairing the damage to motor vehicles, and this exception applies only in civil cases. Code § 8.01-416(A) provides that:

> *In a civil action in any court*, whether sounding in contract or tort, to recover for damages to a motor vehicle in excess of $1,000, evidence as to such damages may be presented by an itemized estimate or appraisal sworn to by a person who also makes oath (i) that he is a motor vehicle repairman, estimator or appraiser qualified to determine the amount of such damage or diminution in

---

[3] In the trial court, counsel for the Commonwealth argued that damaging any property, the value of which was more than $1,000, is punishable as a felony under Code § 18.2-137. But as we read the statute, destruction of property worth $1,000 or more is punishable as a felony if the property is destroyed. If the property is damaged, the fair market cost of repair must be $1,000 or more for the crime to be punishable as a felony. It is necessary that we mention this to explain why we do not affirm Brown's conviction based on Ms. Washington's clearly admissible testimony that the value of her truck was greater than $1,000.

> value; (ii) as to the approximate length of time that he has engaged in such work; and (iii) as to the trade name and address of his business and employer. Such estimate shall not be admitted unless by consent of the adverse party or his counsel, or unless a true copy thereof is mailed or delivered to the adverse party or his counsel not less than seven days prior to the date fixed for trial.

(Emphasis added). The rule that an owner of property can offer opinion testimony of the value of the property has also been applied in civil cases. See Snyder Plaza Prop., 259 Va. 635, 528 S.E.2d 452; Haynes,197 Va. 746, 91 S.E.2d 433; King v. King, 40 Va. App. 200, 578 S.E.2d 806 (2003). Thus, if the owner's opinion testimony of value could include hearsay evidence regarding the estimated cost of repairs provided by a repair shop, there would have been no need for the legislature to enact Code § 8.01-416. The statutory language also expressly limits the admissibility of repair estimate affidavits to civil cases. To admit Ms. Washington's hearsay testimony in a criminal prosecution, when the same testimony would be inadmissible in a civil case because it did not comply with Code § 8.01-416, would be inconsistent with our traditional maintenance of standards for the admission of evidence in criminal cases that, when they are not more stringent, are at least as stringent as the standard for the admissibility of similar evidence in a civil case. See e.g. Code § 8.01-401.3(B) (expert opinion testimony on ultimate fact in issue is admissible in civil cases); compare Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992) (expert opinion testimony on ultimate fact in issue is *not* admissible in a criminal case). The text of Code § 8.01-416 provides that hearsay evidence of the kind the trial court accepted from Ms. Washington in this case is admissible only in a civil case, and only when the proponent of the repair estimate presents the estimate in the form of an affidavit satisfying the terms of the statute. This action by the legislature supports our holding that the trial court erred in admitting this evidence.

We believe the Commonwealth's reliance on McDuffie v. Commonwealth, 49 Va. App. 170, 638 S.E.2d 139 (2006), is misplaced. In McDuffie, the defendant was convicted of felony

destruction of property in violation of Code § 18.2-137.  In <u>McDuffie</u> the victim's car was "totaled."  <u>Id.</u> at 179, 638 S.E.2d at 143.  Our decision in <u>McDuffie</u> was based on our rejection of the defendant's argument that the car he destroyed was not "property not his own" because his marriage to the victim gave him a "marital interest" in her car.  <u>Id.</u> at 177, 638 S.E.2d at 142.  Though we did not decide the case on this basis, the <u>McDuffie</u> victim's opinion testimony as to the value of her car would have been admissible because, as the owner, she could testify to the value of her property.  In this case, however, the victim's car was damaged, not "totaled."  Consequently, the Commonwealth had the burden of proving that the cost of repairing *the damage* to the victim's property, and not the cost of replacing the property, was greater than $1,000.

Moreover, the Commonwealth's brief emphasizes language in <u>McDuffie</u> in which we noted that there was no evidence that the value of the car that the defendant destroyed was less than $1,000.  <u>Id.</u> at 179, 638 S.E.2d at 142.  However, unlike Brown, the defendant in <u>McDuffie</u> did not move to strike the Commonwealth's evidence on the ground that there was no evidence that the replacement value of the property he destroyed was worth $1,000 or more.  <u>Id.</u> at 177, 638 S.E.2d at 142.  Thus, the defendant in <u>McDuffie</u> needed to show that the 'ends of justice' exception of Rule 5A:18 applied before this Court would consider the value question on appeal.  In its full context, the language cited by the Commonwealth is:  "Because the record contains no affirmative evidence to show that the value of the Camry was less than $1,000, it does not affirmatively show a miscarriage of justice, and the ends of justice exception does not apply."  <u>Id.</u> at 179, 638 S.E.2d at 142.  In this case, unlike <u>McDuffie</u>, Brown objected to the hearsay statements regarding the repair shop estimate in the trial court.  He also moved to strike the Commonwealth's evidence on the ground that there was no evidence that the cost of repairing

the damage was $1,000 or more. Thus, reversal of Brown's conviction does not depend on whether Brown has affirmatively shown that a miscarriage of justice has occurred.

Conclusion

We hold that the trial court erred in admitting hearsay evidence regarding the cost of repairing the damage to Ms. Washington's truck. Accordingly, the trial court also erred in failing to grant Brown's motion to strike the felony because there was no other evidence tending to show that the cost of repairing the damage was $1,000 or more. We reverse Brown's conviction and remand his case to the circuit court for a new trial on the lesser-included misdemeanor, if the Commonwealth be so advised. See Britt v. Commonwealth, 276 Va. 569, 575-76, 667 S.E.2d 763, 766-67 (2008); Commonwealth v. Velazquez, 263 Va. 95, 105-06, 557 S.E.2d 213, 219-20 (2002).

Reversed and remanded.