COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Frank and Alston
Argued by teleconference


DERRICK GANSON MAXWELL, S/K/A
 DERICK GANSON MAXWELL

                                               MEMORANDUM OPINION[*] BY
v.      Record No. 0047-12-4      CHIEF JUDGE WALTER S. FELTON, JR.
                                                   APRIL 16, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Herman A. Whisenant, Jr., Judge Designate

Kathleen M. Griffin, Senior Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Derrick Ganson Maxwell, s/k/a Derick Ganson Maxwell, ("appellant") was indicted for

malicious wounding, in violation of Code § 18.2-51.  He was thereafter tried by a jury in the

Circuit Court of Frederick County ("trial court") and convicted of unlawful wounding, in

violation of Code § 18.2-51.  On appeal, appellant contends the trial court erred by responding

*sua sponte* to questions posed by the jury to the trial court outside of the presence of appellant

and counsel, thereby violating his Sixth Amendment rights, Code § 19.2-259, and Code

§ 19.2-263.1.  We conclude from the record on appeal that appellant failed to timely notify the

trial court of the asserted error.  Accordingly, we affirm appellant's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

We recite only those facts necessary to resolve the issue presented on appeal.  On December 5, 2010, appellant initiated an altercation with the victim inside a gas station convenience store.  During the altercation, appellant stabbed the victim in his side and back with a knife.  The two men continued their struggle until the police arrived and separated them.  The victim was treated at the hospital for stab wounds to his side and back, as well as cuts on his face and finger.  Deputy Sheriff S. Madigan, who arrested appellant, testified that appellant had no visible injuries or cuts from the fight and did not request or receive any medical treatment.  Appellant was indicted for malicious wounding, in violation of Code § 18.2-51.

On September 26, 2011, appellant was tried by a jury before the trial court.  The jury retired to deliberate its verdict of appellant's guilt or innocence at 3:38 p.m.  At that time, appellant's counsel received permission from the trial court to return to her office, which was about ten minutes from the courthouse, pending the jury's return with its verdict.  Appellant's counsel left her telephone number with the trial court and the Commonwealth's attorney to reach her if needed.

During its deliberations, while neither appellant nor counsel were present, the jury sent two written questions to the trial court.  The trial court replied in writing.[1]

> [Jury Question 1:]  We need a clearer definition between [jury instructions] 1 & 2.[2]
>
> [Trial Court Answer:]  Please read the instructions provided to you.  They will explain the difference between [jury instructions] 1 & 2.

---

[1] The record is silent as to how the jury's questions were delivered to the trial court and how the trial court's written answers were returned to the jury.

[2] Jury instruction 1 contained definitions for malicious wounding and unlawful wounding.  Jury instruction 2 defined reasonable doubt as to the grade of the offense charged.

> [Jury Question 2:] Is there a booking picture of [appellant]? Can we see this photo?
>
> [Trial Court Answer:] NO - You must proceed on the evidence before you.

(Footnote added). The prosecutor, appellant's counsel, and appellant were not present when the jury's questions were delivered to the trial court and when the trial court sent its written answers to the jury.

At 5:14 p.m., the jury returned its verdict finding appellant guilty of unlawful wounding, a lesser-included offense of malicious wounding. The trial court accepted the jury verdict and immediately proceeded to the sentencing phase of the trial. After the prosecution and appellant presented sentencing evidence and the trial court gave sentencing instructions, the jury retired to fix appellant's punishment at 5:28 p.m. The jury returned its sentencing verdict at 5:50 p.m., fixing appellant's punishment at five years' imprisonment. The jury was then excused from further service and departed.

After the jury had been excused from service and departed, appellant's counsel informed the trial court for the first time that she had been made aware that, while the jury deliberated appellant's guilt or innocence, the trial court had given written answers to the jury in response to the jury's written questions. Appellant's counsel stated, "I would just inquire because I was not present in [c]ourt." The trial court confirmed to counsel that during its deliberations, the jury presented two written questions to it, which it answered in writing. The trial court told counsel that the jurors "were not given any new instructions whatsoever or were not given any new directions. It was just simply to read the instructions." At that time, appellant's counsel raised no objection to the trial court's responding to the jury's questions when neither appellant nor counsel were present, nor did counsel challenge the language of the trial court's written response to the jury's questions. When the written questions and responses could not be found that day,

- 3 -

appellant's counsel requested that the questions be made part of the record once they were located.[3]

On October 31, 2011, a little over a month after the jury had been discharged, appellant's counsel filed a written motion to set aside appellant's conviction. On December 8, 2011, at the hearing to impose sentence, appellant's counsel argued that appellant's conviction should be set aside on multiple grounds, including the denial of his right, pursuant to the Sixth Amendment,[4] Code § 19.2-259,[5] and Code § 19.2-263.1,[6] to be present during all stages of the trial, specifically when the trial court responded *sua sponte* to the written jury questions outside the presence of appellant and counsel. The Commonwealth argued that appellant's counsel knew that while the jury was deliberating, it sent the written questions to the trial court and the trial court responded to those questions.[7] The Commonwealth argued that because appellant's counsel failed to note any objection to the trial court when she first learned of the trial court's *ex*

---

[3] The record is silent as to when and where the written jury questions and responses were located. However, they were included in the record prior to appellant's sentencing hearing.

[4] The Sixth Amendment provides that

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

[5] Code § 19.2-259 provides, in pertinent part, "[a] person tried for felony shall be personally present during the trial."

[6] Code § 19.2-263.1 provides that "[n]o judge shall communicate in any way with a juror in a criminal proceeding concerning the juror's conduct or any aspect of the case during the course of the trial outside the presence of the parties or their counsel."

[7] Appellant's counsel did not challenge this statement during the hearing.

- 4 -

*parte* communication with the jury during its guilt deliberations and before the jury was discharged, appellant's counsel deprived the trial court of any opportunity to fashion a remedy for the asserted error. The trial court denied appellant's motion to set aside the jury verdict and sentenced appellant to five years' incarceration, consistent with the jury's sentencing verdict.

## II. ANALYSIS

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Appellant's counsel has not asserted good cause for failing to object to the trial court's *ex parte* communication with the jury prior to the jury being discharged.

"The main purpose of the contemporaneous objection rule 'is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrial.'" Ludwig v. Commonwealth, 52 Va. App. 1, 10, 660 S.E.2d 679, 683 (2008) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*)). "'A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented.'" Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 79, 688 S.E.2d 199, 207 (2010) (quoting Shelton v. Commonwealth, 274 Va. 121, 126, 645 S.E.2d 914, 916 (2007)). "When objections are timely raised, 'orderly and efficient justice' may be accomplished, for '[e]rrors usually can be corrected in the trial court . . . without the necessity of appeal.' Furthermore, when corrective action is timely made by the trial court, mistrials may also be avoided." Perry v. Commonwealth, 58 Va. App. 655, 667, 712 S.E.2d 765, 771 (2011) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)) (alteration in original).

From the record on appeal, we conclude that appellant's counsel failed to timely object to the trial court's communication with the jury outside the presence of appellant and counsel. That failure deprived the trial court, while the jury was still present, to consult with counsel and to determine whether corrective actions could be taken, or whether a mistrial should be declared. "[A] party litigant should not await the return of the verdict and have a chance of securing a favorable one, and then, if unfavorable, make a motion for a new trial. When such delay is indulged in, it is usually considered a waiver of his rights." Crockett v. Commonwealth, 187 Va. 687, 707, 47 S.E.2d 377, 386-87 (1948). It was not until after the jury had been discharged from further service that appellant first asked the trial court what the jury questions were and what its answers were. Even at that time, appellant's counsel did not note any objection regarding the questions and answers.[8] It was not until October 31, 2011, five days after entry of the October 26, 2011 trial order accepting the jury verdicts, that appellant filed his motion to set aside the conviction. Because appellant failed to timely raise any objection to the trial court's challenged communication with the jury, appellant thereby deprived the trial court of any opportunity for curative action or to declare a mistrial. We will not consider an asserted trial court error on appeal when appellant's counsel failed to timely bring that error to the trial court's attention.

Appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d

---

[8] At oral argument appellant's counsel asserted that she could not have raised the issue to the trial court because she did not know the nature of the jury questions and the trial court's answers to those questions. However, even after she was informed of the questions and answers, appellant's counsel failed to timely object and bring any concerns to the trial court's attention. Had it been timely notified of appellant's objection, the trial court had the option to bring the jurors back, ask them what the questions were, and after consultation with counsel, answer them in appellant's presence.

269, 272 (1997).  The Court will not consider Rule 5A:18 exceptions *sua sponte*.  Edwards v.

Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## III.  CONCLUSION

For the aforementioned reasons, we affirm appellant's conviction for unlawful wounding.

Affirmed.